PER CURIAM.
Appellant raises two issues on appeal, only one of which merits discussion. Appellant challenges his conviction, claiming that he was never declared competent to proceed after a period of incompetency. Concluding that Appellant was adjudicated *985 competent by oral pronouncement of the trial court based upon the stipulation of defense counsel, we affirm the conviction but remand this cause for entry of a written order effective to September 10, 2003.
On August 21, 2002, the court found Appellant incompetent to proceed and committed him to the Department of Children and Families. He was initially placed in a mental institution, but subsequently released and transferred to the county jail when the facility’s staff determined that he no longer met the criteria for involuntary commitment. The court set a competency review hearing for February 27, 2003. At the competency hearing, immediately following the court’s calling of the ease, defense counsel stated:
Your Honor, this is Mr. Dougherty who just returned from the State Hospital. This would be a comp review.
Apparently, the hospital feels Mr. Dougherty is capable of going forward and we would request that since they feel he’s capable of going forward, I talked to Mr. Dougherty briefly this morning, and he feels he’s ready to go forward. We would like to have this set for the next docket sounding.
The State did not object and the court set the case for docket sounding on April 21, 2003.
Approximately four months later, defense counsel filed a motion to determine Appellant’s competency. The trial court appointed three experts to evaluate Appellant and scheduled a hearing for September 10, 2003. At the hearing, defense counsel stipulated that Appellant was competent to proceed. The transcript of the hearing reveals the following:
THE COURT: This is the matter of the State of Florida versus Bernard Dougherty. Who’s got that case?
[STATE ATTY.]: Judge, Ms. Cob-rand and I. It should not be that complicated.
[DEFENSE ATTY.]: Mfe did get the evaluation back from the three doctors, so we will stipulate he is competent to proceed.
THE COURT: Very good. We’ll put it on just the regular docket sounding then.
(Emphasis added). Thereafter, the case proceeded to trial without any further mention of Appellant’s competence.
Appellant now contends that the lack of a written order adjudicating him competent requires that we reverse his conviction and order a new trial. Appellant also argues that he did not receive a proper and sufficient competency hearing, again necessitating a new trial. We disagree. It is apparent from the record that the trial court found Appellant competent to proceed based upon the representation and stipulation of defense counsel. The lack of a written order may be cured without the need for a new trial. Martinez v. State, 851 So.2d 832, 833-34 (Fla. 1st DCA 2003). Appellant’s contention that the hearing was insufficient is also without merit. Because Appellant stipulated to the written reports at a properly scheduled competency hearing, the trial court was authorized to base its competency finding on the written reports. Molina v. State, 946 So.2d 1103, 1105 (Fla. 5th DCA 2006). The eases cited by Appellant are distinguishable.
AFFIRMED AND REMANDED.
TORPY, LAWSON and COHEN, JJ., concur.