# Supreme Court of Florida

————————

No. SC12-2365

————————

**BERNARD J. DOUGHERTY,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 16, 2014]

LABARGA, C.J.

Bernard Joseph Dougherty seeks review of the decision of the Fifth District Court of Appeal in Dougherty v. State, 96 So. 3d 984 (Fla. 5th DCA 2012), on the ground that it expressly and directly conflicts with a decision of the Fourth District Court of Appeal in Macaluso v. State, 12 So. 3d 914 (Fla. 4th DCA 2009), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash in part the Fifth District's decision in Dougherty and approve Macaluso to the extent it is consistent with this opinion because a defendant's stipulation to his own competency does not absolve the trial court from its duty to independently make a determination of a defendant's competency to

proceed. As discussed in more detail below, however, Dougherty's claim is procedurally barred.

**FACTS**

Dougherty was charged with resisting an officer with violence; acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge; and criminal use of personal identification information in March 2000.[1] Shortly thereafter, the trial court entered an order appointing three experts for a competency determination.[2] In August 2002, the court entered an order declaring Dougherty incompetent to proceed to trial, and Dougherty was committed to the Florida Department of Children and Families (DCF). In the order, the trial court noted that Dougherty was diagnosed with psychotic disorder and could not presently understand the charges or allegations.

On January 24, 2003, the trial court entered an order to transfer Dougherty to the Florida Department of Corrections because DCF determined that Dougherty no longer met the criteria for commitment. On February 28, 2003, Dougherty

---

1. He failed to appear for the first scheduled trial on September 9, 2000, because he fled to Pennsylvania. The State became aware of his whereabouts because he was arrested in Pennsylvania.

2. The trial court appointed the following three experts: William Riebsame, Ph.D., Howard Bernstein, Ph.D., and Burton Podnos, M.D.

appeared before the court for a status hearing regarding competency. The

following is the entire transcript of the status hearing:

> THE COURT: State of Florida versus Bernard Dougherty.
> MR. [JACK] GILMORE: Your Honor, this is Mr. Dougherty who just returned from the State Hospital. This would be a comp review.
> Apparently, the hospital feels Mr. Dougherty is capable of going forward and we would request that since they feel he's capable of going forward, I talked to Mr. Dougherty briefly this morning, and he feels he's ready to go forward. We would like to have this set for the next docket sounding.
> THE COURT: State?
> THE STATE: April 21st.
> THE COURT: Set for docket sounding then on April 21st as requested.

Subsequently, on July 10, 2003, defense counsel filed a motion to determine

Dougherty's competency to stand trial pursuant to Florida Rule of Criminal

Procedure 3.210(a). The trial court granted the motion and appointed three experts

for a competency determination.[3] The experts were directed to submit written

reports to the court, with copies to the attorneys, on September 3, 2003. On

September 10, 2003, the parties appeared before the Court for a competency

hearing. The following is the entire transcript of this proceeding:

> THE COURT: This is the matter of the State of Florida versus Bernard Dougherty. Who's got that case?
> MR. [JAMES] MCMASTER [STATE ATTORNEY]: Judge, Ms. Cobrand and I. It should not be that complicated.

---

3. The three experts were: Dr. Riebsame, Dr. Bernstein, and David Greenblum, Ph.D.

MS. [SHEENA] COBRAND [DEFENSE ATTORNEY]: We did get the evaluations back from the three doctors, so we will stipulate he is competent to proceed.

THE COURT: Very good. We'll put it on just the regular docket sounding then.

MR. MCMASTER: It's already scheduled for October 8 docket sounding.

MS. COBRAND: Judge, if we can do the 10/8 one, that way we can get everything together and we'll be ready to go.

THE COURT: What are his pending charges?

MR. MCMASTER: Resisting an officer with violence, acquiring controlled substance from misrepresentation and fraudulent use of personal ID.

THE COURT: So that might not be able to be resolved; does it?

MR. MCMASTER: We'll bring in the officer. He is a [prison releasee reoffender] criminal.

THE COURT: Okay. All right.

The court did not refer to Dougherty's competency again and did not enter a written order determining that Dougherty was competent to proceed to trial. Nevertheless, the matter proceeded to a two-day jury trial on the charges of resisting arrest with violence, and acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. The jury found Dougherty guilty of both charges.[4] Dougherty was sentenced to prison for consecutive ten-year sentences as a habitual felony offender.

On April 19, 2009, Dougherty filed an amended motion to correct an illegal sentence. The trial court summarily denied the amended motion and Dougherty appealed. The Fifth District reversed in part, finding that the trial court erred in

---

4. The State dismissed the criminal use of personal identification charge.

sentencing Dougherty as a habitual felony offender for the charge of acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. On July 2, 2010, nearly seven years after the September 10, 2003, competency hearing, Dougherty appeared for resentencing. At this resentencing hearing, defense counsel raised the issue of Dougherty's competency, alleging that Dougherty had never been evaluated and did not have a hearing regarding competency. On August 11, 2010, Dougherty again appeared at a hearing for resentencing, and again defense counsel raised the issue of Dougherty's competency. The trial court, however, did not consider the competency issue. Instead, the court resentenced Dougherty, finding that Dougherty was a habitual felony offender as to count one—resisting an officer with violence. The trial court reduced the sentence for count two— acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge—to five years, to run consecutively with the sentence of count one.

Dougherty raised the issue of his competency on appeal to the Fifth District. Dougherty, 96 So. 3d at 984. Dougherty argued that the lack of a written order adjudicating him competent required reversal of his conviction and a new trial. Id. at 985. He also argued that he did not receive a proper and sufficient hearing. Id. The Fifth District held that the lack of a written order could be cured without a new trial because it was apparent from the record that the trial court found Dougherty

competent based on the representation and stipulation of defense counsel.  Further, the Fifth District held that the hearing was sufficient because the trial court was authorized to base its competency finding on written evaluations stipulated to by Dougherty at a properly scheduled competency hearing.  Id.

Dougherty filed a timely notice to invoke the discretionary jurisdiction of this Court alleging conflict with Macaluso, in which the defendant was found incompetent and sent to a facility.  12 So. 3d at 915.  Five months later, the court held a hearing at which defense counsel informed the court that Macaluso had been found competent based on evaluations obtained by the Public Defender's Office.  Id.  Without additional evidence or a hearing, the court declared Macaluso competent to proceed to trial.  Macaluso's attorney later informed the court before jury selection that facility doctors had also found him competent to be tried.  After he was found guilty of multiple offenses, he appealed the conviction on the grounds that the competency issue was improperly decided.  The Fourth District held that the conviction had to be set aside and Macaluso was entitled to a new trial if determined to be competent because Florida Rule of Criminal Procedure 3.212(c)(7) did not contemplate lawyers stipulating to restored competency without an evidentiary hearing.[5]  Id.  The Fourth District reasoned that it had

---

5.  In Jones v. State, 125 So. 3d 982, 984 (Fla. 4th DCA 2013), the Fourth District explained that Macaluso "recognized that [r]ule 3.212 does not sanction stipulations to the ultimate issue of competency."  However, the district court

- 6 -

previously determined that a court must hold a hearing and enter an order finding the defendant competent before proceeding to trial. Id. Accordingly, Dougherty and Macaluso conflict because the district courts reached different conclusions on whether a court can determine a defendant to be competent based on the stipulation of counsel, and whether a new trial is necessary under such circumstances. We now turn to the merits.

**ANALYSIS**

Before discussing the proper procedures to be followed in competency determinations, we note that Dougherty raised this issue for the first time at a resentencing hearing on remand after the Fifth District reversed the trial court's summary denial of his amended motion to correct an illegal sentence, which occurred nearly seven years after his original competency hearing before trial. Thus, Dougherty's claim is procedurally barred because he did not raise this issue on direct appeal. See Thompson v. State, 88 So. 3d 312, 316 (Fla. 4th DCA 2012) ("In Florida state courts, neither a procedural nor a substantive competency claim of trial court error may be raised in a postconviction motion." (citing Nelson v. State, 43 So. 3d 20, 33 (Fla. 2010))); see also Wickham v. State, 124 So. 3d 841, 861-62 (Fla. 2013); Bundy v. State, 538 So. 2d 445, 447 (Fla. 1989). As a result,

acknowledged that parties may stipulate to expert reports in lieu of testimony at a competency hearing to form the evidence upon which the trial court may rely to decide the ultimate issue of competency.

we do not address application of our holding to the specific circumstances of his case. We resolve the conflict, however, to stress the importance of competency determinations to criminal proceedings and to ensure that courts follow the specific procedures outlined in Florida Rules of Criminal Procedure 3.210-3.212. Indeed, it is necessary for courts to observe the specific hearing requirements set forth in the rules in order to safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal.

### Competency Determination Requirements

In Drope v. Missouri, 420 U.S. 162, 172 (1975), the United States Supreme Court recognized that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." Procedural due process requires adequate notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Jones v. State, 740 So. 2d 520, 523 (Fla. 1999) (quoting Boddie v. Connecticut, 401 U.S. 371, 378 (1971)). Further, " '[i]t is well-settled that a criminal prosecution may not move forward at any material stage of a criminal proceeding against a defendant who is incompetent to proceed.' " McCray v. State, 71 So. 3d 848, 862 (Fla. 2011) (quoting Caraballo v. State, 39 So. 3d 1234, 1252 (Fla. 2010)); see Fla. R. Crim. P. 3.210(a). "An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated

competent to proceed by a court." Jackson v. State, 880 So. 2d 1241, 1242 (Fla.

1st DCA 2004) (citing Holland v. State, 634 So. 2d 813, 815 (Fla. 1st DCA 1994));

see also Corbin v. State, 176 So. 435 (Fla. 1937); Erickson v. State, 965 So. 2d 294

(Fla. 5th DCA 2007); and Molina v. State, 946 So. 2d 1103 (Fla. 5th DCA 2006).

Florida Rules of Criminal Procedure 3.210-3.212 were enacted to set forth

the required competency hearing procedures for determining whether a defendant

is competent to proceed or has been restored to competency.  See Mora v. State,

814 So. 2d 322, 333 (Fla. 2002).  Pertinent to this case are rules 3.210(b) and

3.212(a)-(b), (c)(3), (c)(5)-(7).

Rule 3.210(b) provides:

> If, at any material stage[6] of a criminal proceeding, the court of its
> own motion, or on motion of counsel for the defendant or for the state,
> has reasonable ground to believe that the defendant is not mentally
> competent to proceed, the court shall immediately enter its order
> setting a time for a hearing to determine the defendant's mental
> condition, which shall be held no later than 20 days after the date of
> the filing of the motion, and may order the defendant to be examined
> by no more than 3 experts, as needed, prior to the date of the
> hearing. . . .

---

6. Florida Rule of Criminal Procedure 3.210(a) defines a "material stage" as "the trial of the case, pretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea, violation of probation or violation of community control proceedings, sentencing, hearings on issues regarding a defendant's failure to comply with court orders or conditions, or other matters where the mental competence of the defendant is necessary for a just resolution of the issues being considered. . . ."

(Footnote added). As we stated in <u>Fowler</u> when addressing the proper procedures to rule on the question of competency, albeit interpreting an earlier version of the rule referring to insanity, "[t]he framers of the rule . . . obviously did not regard lightly the necessity for a hearing" by their use of the terms "shall" and "immediately." <u>Fowler v. State</u>, 255 So. 2d 513, 515 (Fla. 1971). Pursuant to rule 3.212(a), the experts preparing the reports may be called by the court or either party and "shall be deemed court witnesses." Rule 3.212(b) then provides that the "court shall first consider the issue of the defendant's competency to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed." The State concedes that entry of an order under the rule refers to entry of a written order as opposed to an oral pronouncement. <u>See also</u> <u>Molina</u>, 946 So. 2d at 1105 n.1.

If a defendant is found incompetent, the defendant may be committed for treatment to restore his competency to proceed. Fla. R. Crim. P. 3.212(c)(3). If the facility's administrator determines that the defendant no longer meets the criteria for commitment or has become competent to proceed, rule 3.212(c)(5) provides that the treatment facility's administrator must notify the court in a written report with copies furnished to all parties. The trial court shall then hold a hearing within thirty days of the receipt of any such report from the administrator of the facility. Fla. R. Crim. P. 3.212(c)(6). "If, at any time after such

- 10 -

commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed." Fla. R. Crim. P. 3.212(c)(7).

Generally, a proper hearing to determine whether competency has been restored after a period of incompetence requires "the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence." Jones v. State, 125 So. 3d 982, 983-84 (Fla. 4th DCA 2013) (quoting Samson v. State, 853 So. 2d 1116, 1117 (Fla. 4th DCA 2003)). The plain language of rule 3.212(a), however, does not require the calling of expert witnesses or any additional witnesses because the word "may" is used. Further, "where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone." Fowler, 255 So. 2d at 515; see Jones, 125 So. 3d at 984. Nevertheless, these written reports are advisory to the trial court, "which itself retains the responsibility of the decision." McCray, 71 So. 3d at 862 (quoting Hunter v. State, 660 So. 2d 244, 247 (Fla. 1995) (citing Brown v. State, 245 So. 2d 68, 70 (Fla. 1971), vacated in part on other grounds, 408 U.S. 938, (1972) (noting that the purpose of the provisions of rule 1.210(a)—an older provision with very similar language—was "to aid and assist the Court, so as to enable the Court wisely to determine whether . . . proceedings . . . must be . . .

- 11 -

stayed during a period of necessary treatment.")))); see also Alexander v. State, 380

So. 2d 1188, 1190 (Fla. 5th DCA 1980) (citing Butler v. State, 261 So. 2d 508 (Fla.

1st DCA 1972) (noting that competence to stand trial is a legal question and not a

medical question)). Accepting a stipulation improperly absolves the trial court

from making an independent determination regarding a defendant's competency to

stand trial.

We note that our prior cases, in which we held that the trial court retains the

responsibility to determine if the defendant is competent, generally involved

conflicting testimony or evidence regarding a defendant's competency. However,

nothing in our precedent or the State's argument persuades us that a defendant can

stipulate to the ultimate issue of competency, even where the written reports reach

the same conclusion.[7] Even in a situation where all the experts opine that a

defendant is competent, the trial court could presumably disagree based on other

evidence such as the defendant's courtroom behavior or attorney representations.

Further, the language of rule 3.212(c)(7) and rule 3.212(b) discussed above does

not allow parties to stipulate to the issue of competency. See Jones, 125 So. 3d at

984 (citing Macaluso, 12 So. 3d at 915). In particular, the rules do not contemplate

---

7. Although the State argues that the three experts concluded that Dougherty was feigning incompetence, this Court cannot independently verify the accuracy of that representation because the record is devoid of information on the content of the expert reports, the experts did not testify, and the trial court did not enter a written order determining Dougherty was competent to proceed.

- 12 -

such stipulations where the trial court has previously concluded that a particular defendant is incompetent and his competency has yet to be restored.[8] Thus, based on our precedent and the procedural rules for competency determinations, a defendant cannot stipulate that he is competent, particularly where he has been previously adjudicated incompetent during the same criminal proceedings. Further, if a trial court finds that a defendant is competent to proceed, it must enter a written order so finding. Having concluded that a defendant cannot stipulate to his own competency, and that a trial court must enter a written order if the defendant is found competent, we now turn to the remedy for a violation of these procedures.

**Remedy**

Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand. Pate v. Robinson, 383 U.S. 375, 386-87 (1966); Tingle v. State, 536 So. 2d 202, 204 (Fla. 1988) (noting that a due process violation regarding a defendant's competency generally results in a new trial

---

8. Under those circumstances, a defendant previously adjudicated incompetent would be stipulating to the issue of his own competency, which is an issue essential to the integrity of the criminal proceedings. See People v. Lesly T., 930 N.Y.S.2d 845, 846 (N.Y. Sup. Ct. 2011) (citing Pouncey v. United States, 349 F.2d 699 (D.C. Cir. 1965), and People v. Harris, 14 Cal.App.4th 984, 18 Cal. Rptr. 2d 92 (Cal. Ct. App. 1993)). Thus, we do not find it appropriate to endorse such a procedure.

because "a hearing to determine whether a defendant was competent at the time he was tried generally cannot be held retroactively."). A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible. See Fowler, 255 So. 2d at 515 ("[O]ur finding in this regard does not require vacation of the judgment and sentence entered against defendant at this time."). However, as we have previously noted, the United States Supreme Court has cautioned that determining competency to stand trial retrospectively is inherently difficult, even under the most favorable circumstances. Jones, 740 So. 2d at 523 (citing Drope, 420 U.S. at 183). "The chances of conducting a meaningful retrospective competency hearing decrease when experts must rely on a cold record." Jones, 740 So. 2d at 523 (citing Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). Nevertheless, in Mason, this Court held that a nunc pro tunc competency evaluation could be done where " 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " 489 So. 2d at 737 (quoting Martin v. Estelle, 583 F.2d 1373, 1375 (5th Cir. 1979)). In Mason, this Court noted that "[s]hould the trial court find, for whatever reason, that an evaluation of Mason's competency at the time of the original trial cannot be conducted in such a manner as to assure Mason due process of law, the court must so rule and grant a new

trial." Id. at 737; see also Monte, 51 So. 3d at 1203. Thus, the remedy for a trial court's failure to follow the procedures discussed above depends on the circumstances of each case.

## CONCLUSION

For the foregoing reasons, we conclude that a trial court's failure to observe the procedures outlined in Florida Rules of Criminal Procedure 3.210-3.212—procedures determined to be adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial—deprives a defendant of his due process right to a fair trial. Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed. Further, we conclude that the remedy for such a violation, a new trial or a nunc pro tunc hearing to determine competency, depends on the circumstances of each case. Accordingly, we quash in part the Fifth District's decision in Dougherty v. State, 96 So. 3d 984 (Fla. 5th DCA 2012), and approve the decision of the Fourth District in Macaluso v. State, 12 So. 3d 914 (Fla. 4th DCA 2009), to the extent it is consistent with this opinion.

It is so ordered.

PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

- 15 -

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Although I agree that the Court has express and direct conflict jurisdiction, I would nonetheless discharge this case. The majority correctly recognizes that Dougherty's incompetency claim is a claim of trial court error that is not cognizable in a postconviction proceeding. The majority's discussion of the incompetency issue—which is the basis for our conflict jurisdiction—thus constitutes an abstract legal discussion that has no application to the case on review. The majority effectively acknowledges this when it observes that it does "not address application of our holding to the specific circumstances of his case." Majority op. at 8. "Judicial declaration, unaccompanied by judicial application, is of no authority." John W. Salmond, The Theory of Judicial Precedents, 16 L.Q. Rev. 376, 389 (1900). Because what the Court says here on the conflict issue has no application in this case, the Court should refrain from saying it. The subject of the conflict should be resolved in a future case when it is properly at issue.

Accordingly, I dissent.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Fifth District - Case No. 5D10-2755

(Brevard County)

Carlos Fernando Gonzalez and Paola M. Sanchez Torres of Diaz, Reus & Targ, LLP, Miami, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Wesley Harold Heidt, Bureau Chief, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, Florida,

for Respondent