Singhal, Raag, Associate Judge.
Johnny Lee Laster (“appellant”) appeals his conviction and ten-year prison sentence for one count of robbery. He raises two issues: first, that the trial court was required to sua sponte have the appellant evaluated for competency; and second, that he was denied effective assistance of counsel where there was no objection to the State’s peremptory strike of a prospective juror. Finding no error, we affirm his conviction and sentence and write only to address the competency issue.
Factual Background
On September 3, 2008, the appellant attacked a victim and attempted to snatch her purse. He was arrested on September 17, 2008 and proceeded to trial on March 9, 2009 with a public defender. He filed a pro se motion to dismiss, which was denied as a nullity because he was represented by counsel.
During the six months from his arrest through trial, no issues arose regarding his competency. At trial, the State called six witnesses, including the victim. The defense rested without calling any witnesses, and, after a guilty verdict was returned, sentencing was set off for two weeks to allow the State time to order paperwork for prison release reoffender sentencing. For various reasons not explained in the record, sentencing was continued five times until late July 2009. At that time, and for the first time, defense counsel moved for appointment of experts to evaluate the appellant’s competence to proceed to sentencing.
With conflicting reports, the trial court declared the appellant not competent to proceed to sentencing. Ultimately, he was found competent more than one year later and, in December 2011, agreed to a term of ten years in state prison with credit for time served. A review of the entire record on appeal reveals no indicia of incompetence at any time until months after the guilty verdict.
Analysis
We review the trial court’s decisions regarding competency hearings under an abuse of discretion standard. Delisa v. State, 910 So.2d 418, 420 (Fla. 4th DCA 2005). In determining whether the court below abused its discretion, we must consider the statutory framework as well as case law governing competence to stand trial.
I. Florida Rule of Criminal Procedure 3.210
This rule, entitled “Incompetence to Proceed: Procedure for Raising the Issue,” provides the statutory authority regarding procedures and obligations for competency examinations. Subsection (b) of the rule states in pertinent part:
Motion for Examination. If at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition ....
Fla. R. Crim. P. 3.210(b).
The rule is clear and unambiguous. The plain meaning of the rule requires the *394 court on its own to immediately order a hearing regarding a defendant’s competence, but only if there exists a reasonable ground to believe appellant is not competent. “[T]he trial court has no independent obligation to hold a competency hearing if there is nothing to alert the court that the defendant may lack competency.” Blackmon v. State, 32 So.3d 148, 150 (Fla. 4th DCA 2010).
Here, there was not even a scintilla of evidence to support a finding that a sua sponte competency evaluation was warranted. The record is devoid of anything that would support a reasonable ground to believe appellant was not mentally competent to proceed in this case. Any evidence regarding incompetence began to develop four months after the appellant’s trial concluded.
The appellant asks this court to create a new rule not only broadening the circumstances for conducting a sua sponte competency evaluation, but also requiring a retrospective evaluation and competency determination if, after trial, evidence comes to light supporting mental illness earlier in life. Because neither the legislature nor our supreme court have crafted such a rule, and because such a rule would be unworkable, we decline his request.
II. Case Law Regarding Retrospective Competency Evaluations
Florida courts have long rejected the idea of retroactive hearings to determine a defendant’s competency. See, e.g., Scott v. State, 420 So.2d 595, 598 (Fla. 1982). The difficulty in establishing competency retrospectively has also been recognized by the United States Supreme Court in the seminal case that governs all competency evaluations. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
Two cases worth noting appear to open the door to conducting retrospective competency evaluations. In Dougherty v. State, 149 So.3d 672 (Fla. 2014), our supreme court wrote: “Generally, the remedy for a trial court’s failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand.” Id. at 678-79. The court also found that “[a] new trial is not always necessary where the issue of competency was inadequately determined pri- or to trial; a retroactive determination of competency is possible.” Id. at 679. In Dougherty, the issue of competency had been initially raised while the case was pending, and prior to trial. Id.
In United States v. Wingo, 789 F.3d 1226 (11th Cir. 2015), Judge Rosenbaum found that the trial court had reasonable grounds to believe the defendant there was not competent to plead guilty, and remanded the case for a retrospective determination of competence. Id. at 1239. In Wingo, among other things, at least three medical doctors had expressed doubts about the defendant’s competence during the pendency of the case and prior to his guilty plea. Id. at 1237.
Here, the case was pending sentencing when competency concerns first surfaced. Some four months after the conclusion of his trial and determination of guilt, competency issues were raised in the form of a motion for evaluation regarding competence to proceed to sentencing. Faced with this motion, the trial court properly conducted evaluations and hearings over a three year period before- finally sentencing appellant. Unlike Dougherty and Wingo, no issue existed prior to the conclusion of the guilt portion of the case. Therefore earlier evaluations were not mandated.
Conclusion
We affirm the appellant’s conviction and sentence, finding no error by the trial court. The plain meaning of Florida Rule *395 of Criminal Procedure 3.210 requires that a trial court sua sponte order competency evaluations only where there exists a reasonable ground to believe appellant is not competent to proceed. This case presents no facts that would trigger the obligation codified in the rule.

Affirmed,

Warner and Gross, JJ., concur.