NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


OB AKEEM RENDELL ARNOLD,     )
                             )
          Appellant,         )
                             )
v.                           )      Case No. 2D15-2275
                             )
STATE OF FLORIDA,            )
                             )
          Appellee.          )
_____)

Opinion filed March 17, 2017.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Ob Akeem Rendell Arnold appeals his convictions and sentences for

robbery while wearing a mask and resisting an officer without violence.  We affirm in all

respects but remand for the entry of a written competency order.

Arnold argues that he was deprived of due process because the circuit court failed to conduct a sufficient competency hearing and instead relied solely on the parties' stipulation that he was competent. In Dougherty v. State, 149 So. 3d 672 (Fla. 2014), the Florida Supreme Court delineated the appropriate procedure for addressing a defendant's competency, emphasizing that "it is necessary for courts to observe the specific hearing requirements set forth in the rules in order to safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." Id. at 676. The supreme court held that

> [a]lthough the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed.

Id. at 679. A defendant cannot simply stipulate that he is competent, even when all of the experts agree that he is competent, because "[a]ccepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial." Id. at 678. "In particular, the rules do not contemplate such stipulations where the trial court has previously concluded that a particular defendant is incompetent and his competency has yet to be restored." Id.

In the instant case, Arnold was never found to be incompetent. And even though the parties did stipulate to the findings contained in the doctor's report, the trial court specifically stated that it was finding Arnold competent "based on the report and the findings contained therein," as opposed to simply accepting the parties' stipulation.

So the record shows that the court made an independent determination regarding Arnold's competency.

However, the court did fail to enter a written order. Accordingly, we must remand for the entry of a nunc pro tunc order adjudicating Arnold competent to proceed. See Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016).

Affirmed; remanded with instructions.

LUCAS and SALARIO, JJ., Concur.