IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERTO J. RAMON,

        Appellant,

 v.                                   Case No. 5D16-3781

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 12, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Roberto J. Ramon, Punta Gorda, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.

ORFINGER, J.

      Roberto Ramon appeals the summary denial of his motion for postconviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's

denial of grounds 2 and 3 without comment. However, we reverse the order as to ground

1 and remand for either an evidentiary hearing or sufficient record attachments to

conclusively refute the claim.

Ramon was charged with a number of felony offenses, including first-degree murder. He was found to be incompetent to proceed and committed for treatment to restore his competency. Eventually, he was returned to court based on the assessment of the mental health provider that his competency had been restored. Apparently, a competency hearing was held as required by Florida Rule of Criminal Procedure 3.212. However, while it appears that the trial court made an oral finding that Ramon was competent to proceed, it did not enter a corresponding written order that reflected this determination. This was error. When "a trial court finds that a defendant is competent to proceed, it must enter a written order so finding." Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014). However, this will not provide Ramon any relief as trial court error cannot be raised in a motion for postconviction relief. See Swanson v. State, 984 So. 2d 629, 629 (Fla. 1st DCA 2008).

Notwithstanding, Ramon's primary contention in ground 1 is that his trial counsel was ineffective for failing to advise the trial court that he had relapsed into incompetency after the competency hearing, but prior to entering his plea, and failing to request a second competency hearing. Ramon explained that before he was found incompetent, he experienced auditory hallucinations and was prescribed a battery of drugs, including anti-depressants and anti-psychotics. After his competency was restored, he claims to have informed his counsel two months before the plea hearing that he had stopped taking his medications and the "voices were back and were again cursing him and compelling him to commit suicide." Thus, he asserts he did not want to plea to all of the charges. According to Ramon,

> [h]owever, counsel told [him] that if he explained to the court
> that he was not taking his medications as ordered and was

2

again hearing the voices, he would again be placed back in the psychiatric facility and the process would continue to drag on. Counsel stated that he might as well plea and get on to where he would receive help in prison.

The trial court found that the plea colloquy conclusively refuted this ground because under oath, Ramon represented that he thoroughly read the written plea forms and stated that he was taking his medications while in jail and that those medications helped him understand what was happening at the plea hearing. In support, the trial court attached the plea and sentencing transcripts, but did not attach the written plea forms.

We conclude that the records attached to the order do not refute Ramon's claim that he was again incompetent and experiencing auditory hallucinations before he entered his plea. Accordingly, we reverse and remand for either an evidentiary hearing or sufficient record attachments to conclusively refute ground 1.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, J., and JACOBUS, B.W., Senior Judge, concur.