IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 9, 2017


JOSEPH LEE FRYE,                    )
                                   )
            Appellant,              )
                                   )
v.                                 )        Case No. 2D12-6418
                                   )
STATE OF FLORIDA,                   )
                                   )
            Appellee.               )
_____    )


BY ORDER OF THE COURT:

            The State's motion for clarification is granted in part.  The prior opinion,

dated September 16, 2016, contained a typographical error indicating that Mr. Frye

went to trial in December 2010 without a competency determination.  Instead, Frye went

to trial without a competency determination in December 2012.  The prior opinion is

withdrawn, and the attached opinion is substituted only to correct this error.  No further

motions will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

JOSEPH LEE FRYE,  )
                  )
         Appellant,  )
                  )
v.                )         Case No. 2D12-6418
                  )
STATE OF FLORIDA,  )
                  )
         Appellee.  )
_____  )

Opinion filed June 9, 2017.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender,
and David B. Falstad, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

The trial court initially adjudicated Joseph Frye incompetent to stand trial and committed him for treatment. Although the specialists appointed to determine Frye's competency later opined that it had been restored, he was then tried without the court first adjudicating him to be competent. Frye appealed the resulting convictions, and we relinquished jurisdiction to give the trial court an opportunity to attempt an assessment of Frye's competence at the time of trial. On July 29, 2015, a nunc pro tunc

- 2 -

competency hearing was held and the trial court ruled that Frye had been competent during his trial in December 2012. We find that the trial court's order was not supported by competent substantial evidence, and we reverse Frye's convictions.

"Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise." Roman v. State, 163 So. 3d 749, 750-51 (Fla. 2d DCA 2015) (quoting Molina v. State, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006)). Once the trial court receives notice that a defendant has regained competency, "the court shall hold a hearing to determine if a defendant is competent to proceed." Id. at 751. Generally, a trial court's failure to determine that a defendant regained competency prior to trial requires that his conviction be reversed. Dougherty v. State, 149 So. 3d 672, 678-79 (Fla. 2014).

In some situations, however, competency may be determined retrospectively, although such after-the-fact determinations are "inherently difficult, even under the most favorable circumstances." Id. at 679; see also Drope v. Missouri, 420 U.S. 162, 183 (1975). "[A] nunc pro tunc competency evaluation could be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Dougherty, 149 So. 3d at 679 (emphasis added) (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). "The chances of conducting a meaningful retrospective competency hearing decrease when experts must rely on a cold record." Id. (quoting Jones v. State, 740 So. 2d 520, 523 (Fla. 1999)).

During the nunc pro tunc competency hearing in this case, the trial court considered the testimony and reports of two mental health experts. But both experts were specifically appointed to offer retrospective opinions of Frye's competency at the time of trial. Both opined that Frye had been competent throughout. The experts reported that they attempted brief interviews with Frye in May 2015 and also reviewed an assortment of documentary evidence—psychiatric evaluations from 2010, miscellaneous trial transcripts, a recorded police interview from 2009, jail phone calls, and jail pharmacy records. This evidence, by itself, cannot satisfy Dougherty's criteria where neither expert had observed or examined Frye at or near the time of trial. The record establishes that one expert had no contact with Frye during the two and a half years preceding trial. The second expert acknowledged meeting Frye for the first time in May 2015. A nunc pro tunc competency witness cannot, as the experts did in this case, rely solely on a cold record.

We reject the trial court's order retroactively finding Frye competent because this finding was not supported by competent substantial evidence. We also reverse Frye's convictions and remand for new trial. However, we caution that as of this time, there remains a presumption that Frye is incompetent to stand trial. Before trying Frye anew on remand, the trial court must first conduct a hearing to determine whether Frye is competent to proceed.

Reversed and remanded for further proceedings.

CRENSHAW and BLACK, JJ., Concur.