DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL EDWARD PANARO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D16-1179
and 4D16-1180

[February 21, 2018]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case Nos. 43-2015-CF-000870-A and 43-2015-CF-001008-A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We conditionally affirm appellant's sentences for dealing in stolen property and giving false information to a pawnbroker, imposed after a jury trial. *See Alfonso-Roche v. State*, 199 So. 3d 941, 945 (Fla. 4th DCA 2016).

As the state concedes, there is a problem surrounding the issue of appellant's competency.

In this case, defense counsel moved to appoint an expert to examine appellant for his competency to proceed. The trial court ordered a mental examination of appellant. It is unclear from the record as to whether the trial court made an independent determination of appellant's competency. According to appellant's initial brief, defense counsel informed the trial court that appellant was found competent following an evaluation, and the progress notes state, "Court minute: defendant present with attorney; attorney given court date in open court, competency evaluation

completed—found competent per defense attorney, docket sounding 11/17/15 at 2 p.m." Thus, it appears that defense counsel may have stipulated to appellant's competency based on the court-ordered evaluation.

Such a stipulation does not "absolve[ ] the trial court from making an independent determination regarding a defendant's competency to stand trial." *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014). "A trial court has the duty to make an independent determination of a criminal defendant's competency to proceed." *Charles v. State*, 223 So. 3d 318, 329 (Fla. 4th DCA 2017). "A defendant cannot stipulate to the ultimate issue of competency, because '[a]ccepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial.'" *Id.* at 329 (quoting *Dougherty*, 149 So. 3d at 678). "Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed." *Dougherty*, 149 So. 3d at 679; *see also* Fla. R. Crim. P. 3.212(b) ("The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed.").

This is not a case where the record contains the trial court's oral ruling determining competency. *See Holland v. State,* 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (case remanded because there was no written order memorializing the trial court's oral determination of defendant's competency, as required by law, with directions for the trial court to enter a *nunc pro tunc* order finding defendant competent).

"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." *Dougherty*, 149 So. 3d at 678-79. "A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible." *Id.* at 679.

"[W]here the issue of competency was inadequately determined below, a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the defendant contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing." *Presley v. State,* 199 So. 3d 1014, 1019 (Fla. 4th DCA 2016) (citing *Dougherty*, 149

So. 3d at 679). "Thus, on remand, if the court is able to make a *nunc pro tunc* finding as to the [defendant]'s competency in a manner which comports with due process considerations, then it should do so and enter a written order accordingly." *A.L.Y. v. State*, 212 So. 3d 399, 404 (Fla. 4th DCA 2017). "On the other hand, if the court should find, for any reason, that an evaluation of the [defendant]'s competency at the time of the [trial] cannot be conducted in such a manner as to assure the [defendant] due process of law, then the court should hold a new [trial] upon the court determining that the [defendant] is competent to proceed." *Id.*

Therefore, consistent with *Dougherty* and our precedent, we reverse and remand for a *nunc pro tunc* competency determination. If, however, the trial court cannot determine appellant's competency at the time of trial consistent with due process guarantees, the trial court should vacate appellant's judgment and sentence and hold a new trial if appellant is deemed competent to proceed on remand.

*Reversed and remanded.*

FORST and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**