Ray, J.
*792 Kyle Pearce seeks review of his convictions and sentences for sexual battery of a person under twelve years of age and lewd or lascivious molestation of a person under twelve years of age. Pearce asserts that the trial court erred by failing to hold a competency hearing or enter a written order of competency once it had reasonable grounds to believe he was not mentally competent to proceed to trial. The State concedes, and we agree, that reversal is warranted.
In response to defense counsel's motion to determine Pearce's competency to stand trial, a court-appointed expert evaluated Pearce and concluded that he was not competent to proceed. On the State's motion, the court ordered a second expert evaluation, which yielded the opposite conclusion. The court held a competency hearing and orally declared that Pearce was competent. The court did not enter a written order memorializing this finding.
After a few months went by, but before trial commenced, the case was passed to a new judge, who ordered a third expert to evaluate Pearce pursuant to Florida Rule of Criminal Procedure 3.210(b). The expert filed a written report with the court suggesting a finding of competency, but there is no indication in the record that the court conducted a competency hearing or ruled on Pearce's competency after the report was filed. After a jury trial, Pearce was found guilty as charged in both counts and sentenced to concurrent sentences of life in prison.
It is well-established that once a trial court "has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question." Zern v. State , 191 So.3d 962, 964 (Fla. 1st DCA 2016) ; see also Fla. R. Crim. P. 3.210(b). At that point, the court has a duty to make an independent determination about the defendant's competency, and it must also enter a written order on competency if it finds that the defendant is competent to proceed. Dougherty v. State , 149 So.3d 672, 677-78 (Fla. 2014) ; Fla. R. Crim. P. 3.212(b).
The remedy for a trial court's failure to follow the procedures required to evaluate and determine legal competence "depends on the circumstances of each case." Dougherty, 149 So.3d at 679. A nunc pro tunc evaluation of competency is permitted where "there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing." Id. (quoting Mason v. State , 489 So.2d 734, 737 (Fla. 1986) ); see also Brooks v. State , 180 So.3d 1094, 1095 (Fla. 1st DCA 2015) (explaining that if there is evidence that existed previously that supports a finding that the defendant was competent at the time of trial, the court may make a retroactive determination of competency with no change in the judgment). Failing that, the court must evaluate the defendant's present competency to stand trial, and if the defendant is deemed competent to proceed, it must conduct a new trial. See Dougherty , 149 So.3d at 679 ; Brooks , 180 So.3d at 1096.
Here, the trial court's error was two-fold as it allowed Pearce's trial to proceed without conducting a competency hearing in light of the third expert's evaluation and without independently determining Pearce's competency. Accordingly, we reverse and remand for a retroactive determination of competency. If a retroactive *793 determination is not possible, or if the court finds that Pearce was not competent at the time of trial, a new trial is required assuming Pearce is competent to proceed at that point in time.
REVERSED and REMANDED.
Roberts and Osterhaus, JJ., concur.