DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COURTNEY HINES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1522

[December 18, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432015CF000212C.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence on charges of: 1) two counts of high speed or wanton fleeing; 2) one count of the lesser offense of reckless driving and wanton fleeing; and 3) one count of giving false information to law enforcement during felony investigation or missing person. He argues the trial court erred in failing to hold a competency hearing prior to trial. We agree and reverse for further proceedings.

The charges arose from a high-speed car chase and subsequent crash. The State charged the defendant with giving a false name to law enforcement, and fleeing or attempting to elude law enforcement, among other charges.

Prior to trial, defense counsel moved for a mental competency examination. The trial court granted the motion and appointed an expert to examine the defendant's mental competency to proceed. Two subsequent stipulated motions for continuance were filed because the defendant's competency examinations were still pending.

After further continuances, defense counsel moved to withdraw. The court granted the motion and appointed another attorney to represent the defendant. The newly appointed attorney represented defendant at trial, but failed to address the unresolved competency issue before trial.

The jury convicted the defendant of: 1) two counts of high speed or wanton fleeing; 2) one count of the lesser offense of reckless driving and wanton fleeing; and 3) one count of giving false information to law enforcement during felony investigation or missing person. At sentencing, the trial court reviewed the presentencing investigation report. It then noted "whatever sentence to be imposed [is based] just on the evidence at trial and the other information contained in the PSI that would be proper as far as prior record and so forth."

The defendant now appeals. Among other issues, he argues the trial court erred in failing to hold a competency hearing and enter an order on his competency prior to trial. The State agrees and so do we. We therefore remand the case, pursuant to *Machin v. State*, 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019).

There, we held that where a court grants a defendant's motion for appointment of an expert for a competency examination, but fails to hold a hearing or enter a written finding on the movant's competency to proceed, the case must be temporarily remanded to the circuit court with specific instructions. *Id.* It requires that we "direct that within sixty days, the circuit court shall hold a hearing and issue an order determining whether a nunc pro tunc competency evaluation is possible."

Depending on the outcome, the circuit court must follow one of the following paths on remand:

> 1) If the circuit court determines a nunc pro tunc competency determination is not possible, the court must vacate the defendant's conviction and sentence. The appeal in this Court will be dismissed as moot. In this circumstance, the circuit court must hold a competency hearing, *Fowler*, 255 So. 2d at 515–16, with two possible outcomes:
>
> > a. If the court finds the defendant is presently competent, a new trial or plea hearing must be held. *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014) (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986)).

2

b. If the court finds the defendant is presently incompetent, the court must proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law. *See, e.g.*, *Dougherty*, 149 So. 3d at 677.

2) If the circuit court determines a nunc pro tunc competency determination is possible:

a. And if the court finds the defendant was competent at time of judgment, it must (1) enter an order finding the defendant competent at the time of judgment; and (2) return the record to this Court. *Fowler*, 255 So. 2d at 515. The appeal in this Court will then proceed.

b. And if the court finds the defendant was incompetent at the time of judgment but is now competent, it must (1) vacate the defendant's conviction and sentence; and (2) hold a new trial or plea hearing. *Fowler*, 255 So. 2d at 515–16. The appeal in this Court will be dismissed as moot.

c. And if the court finds that the defendant was incompetent at the time of judgment and remains incompetent, the court must vacate the defendant's conviction and sentence. *Fowler*, 255 So. 2d at 516. The appeal in this Court will be dismissed as moot. The circuit court must then proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law. *See, e.g.*, *Dougherty*, 149 So. 3d at 677.

*Id.* at 1101–02.

We therefore remand the case to the trial court. We find the remaining issues were either unpreserved or lack merit.

*Remanded.*

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3