957 So.2d 17 (2007)
Damian DALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2806.
District Court of Appeal of Florida, Fourth District.
April 4, 2007.
Rehearing Denied June 21, 2007.
*18 Damian Daley, Sneads, pro se.
No appearance required for appellee.
WARNER, J.
We affirm the denial of appellant's motion for postconviction relief, finding that the trial court did not err in summarily denying the claims. Appellant's claims were either conclusively refuted by the record, or appellant did not demonstrate a reasonable probability that counsel's deficient performance affected the outcome of the proceeding, i.e., undermined the confidence in the outcome. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bowman v. State, 748 So.2d 1082, 1085 (Fla. 4th DCA 2000).
We address only one issue, which was not adequately addressed by the state or the trial court. Appellant argues that his counsel was ineffective for failing to request a "heat of passion" defense instruction. "Heat of passion" has best been defined in Disney v. State, 72 Fla. 492, 73 So. 598, 601 (1916):
A killing in the `heat of passion' occurs when the state of mind of the slayer is necessarily different from that when the killing is done in self-defense. In the heat of passion the slayer is oblivious to his real or apparent situation. Whether he believes or does not believe that he is in danger is immaterial; it has no bearing upon the question. He is intoxicated by his passion, is impelled by a blind and unreasoning fury to redress his real or imagined injury, and while in that condition of frenzy and distraction fires the fatal shot.
See also Douglas v. State, 652 So.2d 887 (Fla. 4th DCA 1995). Here, the eyewitness testified that she heard some arguing and then heard and saw shots being fired. The defendant did not testify. Without more, there was no evidence to support the theory, and counsel was not ineffective for failing to request the instruction, particularly when the main defense was that of self-defense, as appellant himself was shot and seriously wounded in the incident.
Affirmed.
KLEIN and TAYLOR, JJ., concur.