# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**BRYAN PATRICK AUGUSTIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-685

[June 13, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 50-2014-CF-0011655-AXXX-MB.

Carey Haughwout, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Prior to trial, defense counsel moved to appoint experts to evaluate the defendant for competency to proceed, indicating that the defendant appeared to suffer from mental illness. The motion expressed counsel's concerns regarding the defendant's ability to disclose facts pertinent to the proceedings and his ability to testify. The circuit court subsequently reassigned the case to the mental health specialty division, noting that the defendant's competency to proceed was an "ongoing issue."

After the case was transferred, the presiding judge appointed two experts to examine the defendant. It appears that the mental health evaluations were completed as ordered. Thereafter, the presiding judge entered an order reassigning the case back to the criminal division "upon agreement of the parties," noting, "Defense Counsel notified all parties that they are formally moving to withdraw their motion to evaluate the Defendant for competency to proceed." There is no written motion to withdraw in the record. Also, it does not appear that the trial court ever

held a competency hearing or issued a written order regarding the defendant's competency to proceed.

"A trial court has the duty to make an independent determination of a criminal defendant's competency to proceed." *Charles v. State*, 223 So. 3d 318, 329 (Fla. 4th DCA 2017). "A defendant cannot stipulate to the ultimate issue of competency, because '[a]ccepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial.'" *Id.* (quoting *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014)). "Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed." *Dougherty*, 149 So. 3d at 679; *see also* Fla. R. Crim. P. 3.212(b) ("The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed.").

From this record, we cannot tell whether a competency hearing was ever held, whether defense counsel stipulated to competency, and whether the trial court found the defendant competent based on the reports. What is clear is that there is no written order regarding the defendant's competency in the record.

Once the trial court ordered the mental health evaluations, and those evaluations were completed, the court was required to move forward with the competency hearing. *See Dortch v. State*, ⸺ So.3d ⸺, 2018 WL 1617082, at *1 (Fla. 4th DCA Apr. 4, 2018) ("Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and it must enter a written order on the issue. Failure to do so is fundamental error and requires reversal.") (internal citation omitted). We therefore reverse and remand with instructions for the trial court to determine the defendant's competency *nunc pro tunc*, if possible, and if not, the judgment and sentence should be vacated and the case set for trial. *See Dougherty*, 149 So. 3d at 679.

We briefly discuss two remaining issues. The trial court erred in giving the heat of passion instruction where there was no evidence to support it. *See, e.g., Douglas v. State*, 652 So. 2d 887 (Fla. 4th DCA 1995) (marital squabbles do not constitute reasonable provocation required for the heat of passion defense); *Daley v. State*, 957 So. 2d 17, 18 (Fla. 4th DCA 2007) (an argument alone will not support the heat of passion defense). We find the error to be harmless. The defendant was convicted of the lesser included offense of second degree murder, so we are hard-pressed to see

how the defendant was prejudiced by the inclusion of the heat of passion instruction.  The state argued that this was a case of premeditated murder and told the jury "this is not a heat of passion case."  Defense counsel argued that the stabbing was an "impulsive act done by a teenager in a heated moment with no real motive," and "not an act done upon reflection."  If the giving of the instruction muddied the waters, it was to the defendant's benefit.  However, if there is a retrial in this case, the instruction should not be given.

Finally, the defendant's equivocal conduct was insufficient to invoke his right to remain silent.

*Reversed and remanded.*

GERBER, C.J., GROSS and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***