# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANTHONY SIMMONS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2101

[February 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 43-2014-CF-000117.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his conviction and sentence, arguing that the trial court fundamentally erred by failing to conduct a competency hearing prior to accepting his plea. We agree and reverse for further proceedings consistent with this opinion.

Appellant was charged by information with one count of sexual battery on a child under 12. Defense counsel filed a "Motion to Appoint Expert from the Agency for Persons with Disabilities" to evaluate the defendant for competency and intellectual disability, and a "Motion for Examination of Defendant" pursuant to Florida Rule of Criminal Procedure 3.210(b) to determine appellant's competency to proceed. The trial court granted both motions and entered orders appointing two experts to examine appellant. One expert found appellant competent to proceed while the other expert found him incompetent to proceed.

The state moved to appoint a third mental health expert to examine appellant, noting that the two evaluations had reached different results.

The trial court granted the motion and appointed a third expert. The third expert's report is not part of the record on appeal, but defense counsel advised the trial court at appellant's plea conference that this expert found appellant competent to proceed.

Almost three years after the completion of the competency evaluations, the matter proceeded to a plea conference. Then, the trial court asked the attorneys if appellant ever had a competency hearing, noting that the court had seen an evaluation in the court file. The state responded that there had not been a competency hearing. After a discussion, the judge and the attorneys concluded that a competency hearing was unnecessary.

Appellant pled no contest to the lesser charge of attempted capital sexual battery and the trial court accepted the plea. The trial court did not hold a competency hearing and did not enter a written order on competency. As the state concedes, the trial court's failure to do so constitutes fundamental error.

The procedure for determining a defendant's competency is set forth in Florida Rule of Criminal Procedure 3.210(b), which states:

> **(b) Motion for Examination.** If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, *the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition*, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

Fla. R. Crim. P. 3.210(b) (emphasis added). "Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and it must enter a written order on the issue." *Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018), *rev. granted*, No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018) (citing Fla. R. Crim. P. 3.210(b), 3.212(b)). "Failure to do so is fundamental error and requires reversal." *Id.* In this case, once the trial court ordered the competency examinations and those examinations were completed, the trial court was required to hold a competency hearing and enter a written order on the issue. *See Augustin v. State*, 244 So. 3d 336, 337 (Fla. 4th DCA 2018).

"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." *Dougherty v. State*, 149 So. 3d 672, 678-79 (Fla. 2014). "A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible." *Id.* at 679.

"[W]here the issue of competency was inadequately determined below, a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the defendant contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing." *Presley v. State*, 199 So. 3d 1014, 1019 (Fla. 4th DCA 2016) (citing *Dougherty*, 149 So. 3d at 679). "Thus, on remand, if the court is able to make a *nunc pro tunc* finding as to the [defendant]'s competency in a manner which comports with due process considerations, then it should do so and enter a written order accordingly." *A.L.Y. v. State*, 212 So. 3d 399, 404 (Fla. 4th DCA 2017). "On the other hand, if the court should find for any reason, that an evaluation of the [defendant]'s competency at the time of the [plea hearing] cannot be conducted in such a manner as to assure the [defendant] due process of law, then the court should hold a new [trial] upon the court determining that the [defendant] is competent to proceed." *Id.*

Therefore, consistent with *Dougherty* and our precedent, we reverse and remand for a *nunc pro tunc* competency determination. If, however, the trial court cannot determine appellant's competency at the time he entered his plea consistent with due process guarantees, the trial court should vacate appellant's judgment and sentence and set the case for trial if appellant is deemed competent to proceed at that time.

*Reversed and remanded.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

- 3 -