NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GERALD LEE ROGERS,     )
     )
     Petitioner,     )
     )
v.     )     Case No.  2D19-2193
     )
STATE OF FLORIDA,     )
     )
     Respondent.     )
_____)

Opinion filed October 30, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Bruce E. Kyle, Judge.

Kathleen A. Smith, Public Defender and
Nicole Calderone, Assistant Public
Defender, Ft. Myers, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

Gerald Lee Rogers filed this petition for writ of certiorari to review an order

adjudging him incompetent to proceed to trial and compelling him to undergo

competency restoration training.  The order was entered based on written reports by

two experts "and others." The trial court denied Mr. Roger's motion for a competency hearing. A petition for writ of certiorari is the proper method to seek review of the failure to hold a competency hearing. See Carrion v. State, 859 So. 2d 563, 565 (Fla. 5th DCA 2003).

The State properly concedes that Florida Rule of Criminal Procedure 3.210(b) requires the trial court to conduct a competency hearing prior to issuing a written order determining whether a defendant is competent to proceed. See Simmons v. State, 271 So. 3d 997, 999 (Fla. 4th DCA 2019) (remarking that the State correctly conceded that the trial court's failure to hold a competency hearing and enter a written order was fundamental error); see also Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014) ("Florida Rules of Criminal Procedure 3.210–3.212 were enacted to set forth the required competency hearing procedures for determining whether a defendant is competent to proceed or has been restored to competency."); Williams v. State, 169 So. 3d 221, 223 (Fla. 2d DCA 2015) ("Under the plain language of rule 3.210(b), the terms 'shall' and 'immediately' reflect that a hearing is mandatory." (citing Dougherty, 149 So. 3d at 677)).

Accordingly, we grant the petition and quash the order adjudging Mr. Rogers incompetent to proceed to trial.

Petition granted; order quashed.

MORRIS, KELLY, and BADALAMENTI, JJ., Concur.