443 So.2d 219 (1983)
Louis POYNTER, a/k/a Michael Colwell, a/k/a Jeffrey Nease, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1582.
District Court of Appeal of Florida, Fourth District.
December 14, 1983.
Rehearing Denied February 1, 1984.
*220 Stephen J. Finta, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged with and convicted of trafficking in marijuana and conspiracy to traffic in marijuana in excess of 100 pounds. He raises six points on appeal, one of which is dispositive. We reverse holding that the trial court abused its discretion in finding appellant competent to stand trial.
Appellant's competence had previously been the topic of a hearing before another judge. Rather than repeat the entire procedure, appellant's counsel and the state stipulated that the transcript of that hearing be submitted to the trial court to serve as an evidentiary basis for the court's determination on the issue of competence. The trial court here had a transcript of a hearing where three witnesses, one court-appointed and two appointed by appellant, all declared appellant incompetent to stand trial. Despite this expert testimony, the trial court found appellant competent.
Although not absolutely bound by expert opinion as to competence, courts should not ignore uncontested expert testimony. Trucci v. State, 438 So.2d 396 (Fla. 4th DCA 1983). Furthermore, where a defendant establishes a prima facie case of incompetence through the introduction of overwhelming expert testimony, the record should at least present some reasons for rejection of such testimony by the court. Here, the rejection is not supported by the record. See generally Fulford v. Maggio, 692 F.2d 354 (5th Cir.1982). The Fulford case goes further than our holding herein in that it requires the trial court to "delineate expressly his reasons for rejecting" the expert testimony. We hold only that the rejection must have record support. In addition, since the judge here merely reviewed a transcript of a previous hearing, it was not a situation where his personal observation of the defendant was of importance.
Appellant should have been found incompetent to stand trial and all proceedings thereafter constituted a violation of due process. We reverse appellant's conviction and vacate the order finding him competent. The matter is remanded for further proceedings including another determination of competence before any subsequent trial.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.