970 So.2d 422 (2007)
Junior FULLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4577.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Junior Fuller timely appeals the final order committing him to the Department of Children and Family Services. We reverse the trial court's order as the trial judge failed to ask whether Appellant knew he was waiving his right to a jury trial.
This appeal arose from an incident in which Fuller stabbed a roommate at his assisted living facility. The victim suffered a punctured lung, a lacerated liver, and other injuries for which he was hospitalized. Fuller was charged with aggravated battery with a deadly weapon.
At trial, the defense and the State, based on the reports of their combined medical experts, stipulated to the court that Fuller was not guilty by reason of insanity. Several other medical examiners, however, had previously differed in their evaluations of Fuller's competency to stand trial. Due to this disagreement, the court asked Fuller: (1) how he was doing, (2) whether he was taking his medication, (3) whether the medication was helping, and (4) whether he was willing to go to a retirement home. After receiving what it deemed to be satisfactory responses, the court accepted the stipulation and adjudicated Fuller not guilty by reason of insanity pursuant to Florida Rule of Criminal Procedure 3.217(a).
"An effective waiver of a constitutional right must be knowing, voluntary, and intelligent." State v. Upton, 658 So.2d 86, 87 (Fla.1995) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). District courts have properly reversed convictions when the record contained no written waiver of a jury trial and the trial court failed to inquire into the defendant's waiver of a jury trial or conduct a sufficient inquiry. See, e.g., Tucker v. State, 559 So.2d 218, 220 (Fla.1990); Harringer v. State, 566 So.2d 893 (Fla. 4th DCA 1990).
In the instant case, the trial court questioned Fuller only on matters unrelated *424 to whether he knowingly and intelligently waived his right to a jury trial. We therefore reverse the trial court's order for further proceedings consistent with this opinion.
Reversed and remanded.
KLEIN and MAY, JJ., concur.