PER CURIAM.
The appellant argues that the trial court abused its discretion by finding him competent to proceed 'with sentencing despite the uncontested testimony of two experts that he was incompetent. The State concedes error and asks this Court to remand for resentencing following a new competency hearing. See Gore v. State, 24 So.3d 1, 10 (Fla.2009) (holding that a determination of competency should be supported by competent and substantial evidence). The trial court should not find a defendant competent where the record provides no reason to reject overwhelming and uncontested expert testimonies to the contrary. Poynter v. State, 443 So.2d 219, 220 (Fla. 4th DCA 1983). Accordingly, we reverse the appellant’s sentence and remand for resentencing following a new competency hearing. New mental health evaluations should be performed prior to the hearing as the ones at issue are now over a year old. In re Commitment of Reilly, 970 So.2d 453, 455-56 (Fla. 2d DCA 2007) (holding that a six-month old report was too stale to support a finding of present incompetence). We need not address the second issue raised by the appellant as it is now moot.
REVERSED and REMANDED for re-sentencing.
WOLF, ROBERTS, and RAY, JJ., concur.