IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM TONY MCCROAN,

    Appellant,

v.                               CASE NO. 1D11-3709

STATE OF FLORIDA
(N.F.E.T.C.),

    Appellee.

_____/

Opinion filed October 16, 2014.

An appeal from the Circuit Court for Jackson County.
William L. Wright, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee; Bernard F. Daley, Jr. of The Daley Law Office, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

## OPINION ON MOTION TO ENFORCE MANDATE

PER CURIAM.

McCroan filed a motion asking this court to enter an opinion enforcing its mandate. For the reasons discussed below, we grant the motion.

While McCroan was awaiting trial on criminal charges, the trial court found McCroan incompetent to proceed. The court then entered an order finding him not

guilty by reason of insanity. The court also found McCroan was a danger to himself or others and ordered that he be civilly committed. McCroan subsequently filed a petition for writ of habeas corpus in the trial court, arguing the court lacked the authority to adjudicate him not guilty by reason of insanity because that was a jury question, and because the court had found him incompetent to proceed. The court denied the motion.

On appeal, the State correctly conceded error. This court issued an opinion on April 4, 2013, reversing the trial court's denial of McCroan's petition for writ of habeas corpus and remanding for the court to quash the order finding McCroan not guilty by reason of insanity. McCroan v. State, 110 So. 3d 533 (Fla. 1st DCA 2013). The opinion cited Thompson v. Crawford, in which the Third District held that because a defendant may not be proceeded against while incompetent to stand trial, a trial court's order finding an incompetent defendant not guilty by reason of insanity is void. 479 So. 2d 169, 185-86 (Fla. 3d DCA 1985). The Thompson court also held the question of whether a defendant is not guilty by reason of insanity is a question of fact for the jury; thus, the trial court lacks the authority to make this finding unless the defendant has waived the right to a jury trial. Id. at 180.

On remand, the trial court did not quash the order finding McCroan not guilty by reason of insanity, as required by this court's opinion. To the contrary, the court entered a second order again finding McCroan not guilty by reason of

2

insanity. The court also found McCroan continued to be a danger to himself or others and ordered that he continue to be civilly committed. The court has not, to date, found that McCroan has regained his competency to stand trial.

In response to McCroan's motion to enforce mandate, the State correctly concedes error. Accordingly, we grant the motion to enforce mandate and again instruct the trial court to quash the order finding McCroan not guilty by reason of insanity. We write to make it explicitly clear that the court is without authority to proceed against McCroan until the court finds that his competency has been restored. Further, the court is without authority to find McCroan not guilty by reason of insanity because McCroan has not waived his right to a jury trial. Thompson, 479 So. 2d at 185-86.

Motion to enforce mandate GRANTED; REMANDED with instructions.

LEWIS, C.J., WOLF and VAN NORTWICK, JJ., CONCUR.