DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVIS WASHINGTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1213

[March 18, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 50-2007-CF-014640-BXXX-MB.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals the trial court's finding that he was competent to proceed to trial. We find that the record lacked competent, substantial evidence to support this finding for two reasons. First, the court's pre-trial determination that appellant was competent was based on stale competency evaluations. Second, even taking into account an updated evaluation the court ordered later during the trial, there was no testimony affirmatively demonstrating that appellant was competent to proceed. The only testimony in the record either supported that appellant was incompetent to proceed or that appellant was malingering or feigning, and the testimony established that malingering or feigning was not necessarily incompatible with a finding of incompetency. Therefore, we conclude the trial court erred in finding appellant competent to proceed and consequently we reverse and remand.

Appellant was charged with two counts of sexual battery on a person less than twelve years of age. Appellant has sickle cell anemia and has suffered several strokes, which prompted inquiry into appellant's

competency to proceed to trial. Between December of 2008 and July of 2009, three experts were appointed to determine appellant's mental condition and evaluate if appellant was competent to proceed.

At a competency hearing on October 30, 2009, two of the three experts opined that appellant was not competent to proceed. The third expert declined to render a professional opinion regarding appellant's competency.

Dr. Fichera found that appellant was "unable to demonstrate an understanding of, or a recollection of what the events surrounding the charges were." Dr. Fichera found that appellant did not have "sufficient understanding of the proceedings" and "could not participate in an adequate level." Thus, Dr. Fichera concluded that appellant was incompetent.

Dr. Alexander found appellant unable to understand or respond to directions that were "beyond a very rudimentary level." Dr. Alexander did not find that appellant was malingering. Dr. Alexander also concluded that appellant did not understand the adversarial nature of the legal system and did not have the capability to testify or assist in his own defense. Thus, Dr. Alexander concluded that appellant was "incompetent to proceed to trial based on the severity and permanency of the neuropsychological disabilities."

Dr. Charash testified that appellant had "very limited speech production" and "difficulty with motor functions." Dr. Charash testified that appellant's performance on forced memory tests he administered to appellant during his examination led him to conclude that appellant was malingering or "intentionally presenting himself as being more impaired than he actually is." However, Dr. Charash also stated that "the presence of malingering, even compelling evidence of malingering, doesn't in and of itself indicate that a person is competent." Thus, Dr. Charash declined to "render a firm professional opinion" regarding appellant's competency to proceed.

On November 6, 2009, the trial court entered an order finding appellant competent to proceed.

On December 3, 2010, appellant moved to stay proceedings based upon an updated neuropsychological evaluation from the University of Miami School of Medicine stating that appellant's condition had worsened. The trial court granted the request for a second competency hearing, which it held in April and May of 2012.

At the hearing, Dr. Alexander testified that appellant was not competent to proceed based on his April 2011 examination of appellant. Dr. Alexander opined that appellant was "not cognitively sophisticated enough to try to mount a reasonable effort of malingering anything." Dr. Charash testified that based on his May 2011 examination of appellant, appellant's performance on the memory tests improved. This further supported Dr. Charash's earlier opinion that appellant was malingering. Finally, Dr. Leporowski testified that she found no evidence of malingering and concluded that appellant was "not competent to proceed" based on her October 2011 examination of appellant. Dr. Leporowski testified that the memory tests administered by Dr. Charash were "quite specific[ally] related to malingering memory only" and had "nothing to do with language, higher cognitive functioning, lots of other brain functions," which was more relevant for an evaluation of competency. She also testified that appellant would not understand possible penalties, be able to respond to challenging questions on either direct or cross, decide whether to take a plea, or be able to assist his attorney in his own defense.

On May 3, 2012, the trial court entered an order finding appellant competent to proceed.

On September 20, 2012, appellant filed an emergency motion to stay the proceedings pending an updated competency hearing. The court denied the motion stating, "[W]e have had several hearings on the same topic."

The case proceeded to trial on February 25, 2013. Defense counsel renewed the emergency motion explaining that he did not believe appellant was competent, and that he and two doctors were unable to discuss the plea offer with defendant. The trial court denied the renewed motion.

During the state's case-in-chief, defense counsel once again renewed his motion, stating that appellant was not able to assist him at all and did not "appear to have an understanding of what's taking place." The court ruled to not stay proceedings, but appointed Dr. Brannon to examine appellant during trial. After the state rested, defense counsel moved for a mistrial, which the trial court denied.

On February 28, 2013, the court held a hearing based on Dr. Brannon's examination and report of appellant's competency. Dr. Alexander was recalled and testified his opinion that appellant was incompetent remained unchanged. Dr. Alexander attributed any alleged malingering to appellant's mild mental retardation and serious depression over his

3

condition. Dr. Brannon testified that appellant was uncooperative during the examination, refusing to answer questions and repeatedly saying he did not know or could not remember. Dr. Brannon concluded that appellant was "feigning," or "giving less than adequate effort," which was secondary to malingering. Dr. Brannon testified that he could not "ethically" give a competency opinion to the court, but agreed that someone who is feigning or malingering could be incompetent. The court delayed ruling stating, "[L]et me think about this."

After the presentation of one defense witness, defense counsel renewed his prior motion for a mistrial based on appellant's "inability to decide to take the stand or not and help in his own defense." The court denied the mistrial noting it was "still debating in my mind the issue of competency."

During discussion of the jury instructions, defense counsel again renewed his motion to stay proceedings and for mistrial given that appellant could not assist defense counsel in deciding to plea or in picking jury instructions. The court again denied the motion. The jury found appellant guilty as charged. Defense counsel moved for a new trial, judgment of acquittal, and/or an arrest of judgment based, in part, on the trial court's denial of his prior motion to stay proceedings and hold an updated competency hearing.

At the sentencing hearing, the trial court entered an order finding that appellant was and remains competent. The trial court explained that it previously considered a "plethora of medical records," including several examinations performed in 2008 "unconnected with the criminal proceedings" intended to determine appellant's "suitability for bone marrow transplants or other treatments for sickle cell anemia." The court found those records demonstrated appellant was "cooperative and helpful" unlike his demeanor years later with Drs. Charash and Brannon, but the order did not specifically link the contents of those five-year-old tests to appellant's competence to proceed to trial. The court stated it found that nothing had really changed concerning appellant's mental status and classified Dr. Alexander as "very glib" and "certain in his opinions," which the court found "were not based on any testing." The court also noted that Dr. Alexander's "characterization of other medical records were inconsistent with this Court's review of these records," but did not elaborate on this point. The court's order did not specify any findings regarding appellant's ability to understand the proceedings against him or his ability to assist in his own defense.[1]

---

[1] The prior orders finding appellant competent also lack specific findings on appellant's abilities which would demonstrate his competency to proceed to trial.

Defense counsel objected to sentencing going forward in light of appellant's incompetence. The trial court overruled the objection and denied appellant's motion for a new trial. The court adjudicated appellant guilty and sentenced him to two years' imprisonment on each count, to run consecutively.

On appeal, appellant argues that the trial court abused its discretion in finding him competent to proceed. The state responds that the trial court properly resolved the factual disputes in favor of finding appellant competent, and that determination is supported by competent, substantial evidence.

"A trial court's decision regarding competency will stand absent a showing of abuse of discretion." *Peede v. State*, 955 So. 2d 480, 489 (Fla. 2007) (citation omitted). "[W]hen analyzing a competency determination on appeal, this Court applies the competent, substantial evidence standard of review to the trial court's findings." *Gore v. State*, 24 So. 3d 1, 10 (Fla. 2009); *see also McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011) ("[T]his Court will not disturb the trial courts resolution of that factual dispute so long as it is supported by competent, substantial evidence."). "Where there is sufficient evidence to support the conclusion of the lower court, [this Court] may not substitute [its] judgment for that of the trial judge." *Peede*, 955 So. 2d at 489 (quoting *Alston v. State*, 894 So. 2d 46, 54 (Fla. 2004)). "Competent substantial evidence" has been defined as "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred; that is, such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Pauline v. Lee*, 147 So. 2d 359, 362 (Fla. 2d DCA 1962) (quoting *Trader Jon, Inc. v. State Beverage Dep't*, 119 So. 2d 735 (Fla. 1st DCA 1960)).

"The test for whether a defendant is competent to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Peede*, 955 So. 2d at 488 (Fla. 2007) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see also* Fla. R. Crim. P. 3.211(a)(1). "A defect that impairs a defendant's comprehension or hampers his ability to consult with his counsel effectively, whether arising from physical or mental impairment, may lead to a finding of incompetence." *Holmes v. State*, 494 So. 2d 230, 232 (Fla. 3d DCA 1986) (citation omitted). "Thus, where a defendant is unable to understand and participate in the legal proceedings because of his inability to communicate, the state is precluded from subjecting him to a trial." *Id.*

> Once a defendant is declared competent, the trial court must still be receptive to revisiting the issue if circumstances change. However, only if bona fide doubt is raised as to a defendant's mental capacity is the court required to conduct another competency proceeding. A presumption of competence attaches from a previous determination of competency to stand trial.

*Hunter v. State*, 660 So. 2d 244, 248 (Fla. 1995) (citations omitted). "The trial court should not find a defendant competent where the record provides no reason to reject overwhelming and uncontested expert testimonies to the contrary." *Duncan v. State*, 115 So. 3d 1121, 1121 (Fla. 1st DCA 2013). Additionally, "the trial court's focus must be on the defendant's mental state at the time of the proceeding in question, not at some time in the past, and stale mental health reports will not support an adjudication of incompetency." *In re Commitment of Reilly*, 970 So. 2d 453, 455 (Fla. 2d DCA 2007).

Here, the trial court found appellant competent in May 2012 based on testimony and reports from three experts who examined him in April, May, and October of 2011. Thus, the trial court's finding was based on evaluations completed six months to one year prior to the competency hearing. Those "stale" evaluations do not constitute competent, substantial evidence of appellant's competency. *See id.* at 456 (holding that "the trial court departed from the essential requirements of the law in relying upon" a "six-month-old report" because it "did not, and could not, speak to [defendant's] present ability to consult with his lawyer with a reasonable degree of rational understanding or his present rational and factual understanding of the proceedings against him" despite the parties' stipulation); *Brockman v. State*, 852 So. 2d 330, 333-34 (Fla. 2d DCA 2003) (holding that expert witness reports from four and eleven months prior to trial regarding the defendant's competence "were simply too old to be relevant to a determination of [the defendant's] competency to stand trial" because the reports did not speak to the defendant's competence at the time of trial). Accordingly, the trial court abused its discretion in finding appellant competent to proceed based on "stale" competency evaluations.

The trial court's determination during the February 2013 trial that appellant was competent is unsupported by competent, substantial evidence. The "stale" 2011 evaluations were not competent, substantial evidence of appellant's competence in February 2013. The only updated testimony regarding appellant's competence was based on Dr. Brannon's February 2013 evaluation of appellant. Dr. Alexander reviewed Dr.

6

Brannon's report and maintained his opinion that appellant was incompetent. Dr. Brannon testified that appellant was "feigning," or "giving less than adequate effort" during the examination, but he agreed that a person who is feigning could be incompetent. Dr. Brannon refused to give a competency opinion to the court. Thus, no competent, substantial evidence was presented at the mid-trial competency hearing that appellant was competent to proceed.

Even taking into account the "stale" evaluations, the record still lacks competent, substantial evidence that appellant was competent. In fact, the "overwhelming and uncontested" testimony demonstrated appellant's incompetency. There was no expert testimony that appellant was competent. Drs. Alexander, Fichera, and Leporowski all opined that appellant was incompetent. The remaining two experts, Drs. Charash and Brannon, declined to give a competency determination. They opined that appellant was either malingering or feigning, but testified that neither malingering nor feigning was necessarily incompatible with a finding of incompetency. Here, "the record provides no reason to reject overwhelming and uncontested expert testimonies" that appellant was incompetent. *Duncan*, 115 So. 3d at 1121 (reversing upon the state's concession of error that "the trial court abused its discretion by finding [the defendant] competent to proceed with sentencing despite the uncontested testimony of two experts that he was incompetent" and remanding for resentencing following new mental health evaluations and a new competency hearing "as the ones at issue are now over a year old"). Nothing in the record demonstrates that appellant had an "ability to consult with his lawyer with a reasonable degree of rational understanding" or that he possessed a "rational as well as factual understanding of the proceedings against him." *Peede*, 955 So. 2d at 488 (quoting *Dusky*, 362 U.S. at 402). The trial court's conclusory finding that appellant was competent is not supported by competent, substantial evidence.

In summary, the trial court's pre-trial finding that appellant was competent was improperly based on "stale" competency evaluations. The trial court abused its discretion in not ordering an updated examination of appellant prior to trial. Additionally, the record lacks competent, substantial evidence to support the trial court's mid-trial finding that appellant was competent. Thus, we reverse appellant's conviction and remand for a new trial contingent upon a determination that appellant is competent to stand trial.

*Reversed and remanded.*

GROSS and TAYLOR, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***