NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| VERONICA ELDER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-3440 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed March 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ashley B. Moody,
Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa,
for Appellee.

KELLY, Judge.

Veronica Elder appeals from her judgment and eighteen-year sentence,

entered pursuant to a negotiated guilty plea, for attempted second-degree murder of a

police officer and several other offenses. She argues the trial court erred in accepting

her plea without holding a hearing or entering an order finding her competent to proceed when she had previously been adjudicated incompetent. We agree and reverse.

Early on in these proceedings, Elder was found incompetent and she was committed to a mental health facility. A few months later, Elder was re-evaluated by a doctor who concluded she was competent. At the hearing that followed, the parties stipulated to Elder's competence based on the doctor's report. The trial judge asked defense counsel to submit a proposed order but the record does not show that an order adjudicating Elder competent was ever filed. Approximately a year later, Elder entered a guilty plea before the trial court in exchange for an eighteen-year sentence. The trial court conducted a plea colloquy with Elder, accepted her plea as freely and voluntarily given, and sentenced her in accordance with the agreement. However, Elder's competency was never addressed.

Citing Dougherty v. State, 149 So. 3d 672 (Fla. 2014), this court relinquished jurisdiction to the trial court to hold a hearing to assess Elder's competency at the time she entered her plea. In accordance with our directive, the trial court appointed several doctors to evaluate Elder and held a competency hearing. Based on the doctors' evaluations, the trial court found that Elder is presently incompetent and that it is not possible to determine her competency retroactively. Because Elder was not adjudicated to be competent at the time she entered her plea, her plea was invalid. See id. at 678-79. Accordingly, we reverse Elder's judgment and sentence and remand for further proceedings or such other action as may be appropriate.

Reversed and remanded.

ALTENBERND and SILBERMAN, JJ., Concur.