# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2942

_____

SHAWN RICHARD LOWRY,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

April 5, 2019

PER CURIAM.

Petitioner claims that the trial court departed from the essential requirements of law by continuing his involuntary commitment because the trial court was without authority to find him not guilty by reason of insanity where there was no written waiver of jury trial, as required by Florida Rule of Criminal Procedure 3.260, or any inquiry that petitioner knowingly and intelligently waived his right to a jury trial.

At most, the record reflects that the prosecutor and defense counsel entered into a stipulation that the trial court should find petitioner not guilty by reason of insanity, which is not sufficient to establish that petitioner consented to the stipulation or otherwise knowingly and intelligently waived his right to a jury trial. *See Fuller v. State*, 970 So. 2d 422, 423-24 (Fla. 4th DCA

2007); *Harringer v. State*, 566 So. 2d 893, 894 (Fla. 4th DCA 1990); *Thompson v. Crawford*, 479 So. 2d 169, 179-80 (Fla. 3d DCA 1985). Absent a valid plea, the trial court's finding before trial that petitioner was not guilty by reason of insanity was a nullity or void ab initio. *Id.* at 185.

The state has properly conceded that petitioner's involuntary commitment is unlawful because the trial court did not have the authority to find petitioner not guilty by reason of insanity. *See McCroan v. State*, 148 So. 3d 548 (Fla. 1st DCA 2014); *McCroan v. State*, 110 So. 3d 533 (Fla. 1st DCA 2013). Accordingly, we grant the petition, quash the trial court's commitment order, and remand for further proceedings consistent with this opinion.

PETITION GRANTED.

WOLF, WINOKUR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jason A. Cobb, DeFuniak Springs, for Petitioner.

Ashley Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Respondent.