NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VERONICA ELDER,                          )
                                         )
           Appellant,                    )
                                         )
v.                                       )          Case No. 2D13-3440
                                         )                    2D17-551
STATE OF FLORIDA,                        )
                                         )
           Appellee.                     )
                                         )
_____)

Opinion filed April 26, 2019.

Appeal from the Circuit Court for
Hillsborough County; Tom Barber, Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

           Veronica Elder challenges the trial court's "reinstated" judgment and

sentence which was rendered on remand from this court's reversal of the judgment and

sentence wherein we held that Elder's plea—the basis for the judgment and sentence—was invalid.  See Elder v. State, 198 So. 3d 827, 827-28 (Fla. 2d DCA 2016).  We treat this appeal as a motion to enforce the mandate in Elder's previous case, Case No. 2D13-3440, and grant it.  As a result, we dismiss the appeal in Case No. 2D17-551.

I.      Background

In October 2011, Elder was charged with attempted murder of a law enforcement officer, obstruction of an officer with violence, fleeing and attempting to elude, providing a false name to a law enforcement officer, and driving with a suspended or revoked license.  A competency evaluation was ordered in December 2011, and the trial court found Elder incompetent to proceed in January 2012.

In May 2012, the court entered an order for a competency evaluation; the court appointed Dr. Alberts and Dr. Blitch to evaluate Elder.  Both doctors' reports indicated that as of May 2012, Elder was competent.  In July 2012, at what appears to have been a status hearing, defense counsel advised the court that Elder "was seen for a competency evaluation.  Reports have come back that she is competent to proceed. We are at this time stipulating to competency."  The court made no independent determination regarding Elder's competency but did request that defense counsel provide a proposed order finding Elder competent.  No such order was entered.

In June 2013, more than one year after the competency evaluations had been completed, Elder entered a guilty plea to the charges in exchange for a sentence of eighteen years in prison on the attempted murder charge, five years in prison on the obstruction and fleeing charges, and time served on the remaining two charges.

Elder filed a notice of appeal of her judgment and sentence, arguing that the trial court erred in accepting her plea without first adjudicating her competent to proceed. See Elder, 198 So. 3d at 827. Because retrospective competency determinations may be made under certain circumstances, see Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014), this court relinquished jurisdiction during the pendency of the appeal in order to allow the trial court to assess Elder's competency at the time she entered the plea.

Although not addressed in the original Elder opinion, during the relinquishment period this court granted multiple requests from the trial court for extensions of time in order to evaluate Elder's competency at the time of the plea. The trial court appointed four doctors to conduct competency evaluations of Elder, specifically requesting then-current competency determinations and determinations as of the time of the plea, June 2013.

In January 2016, the trial court rendered an order finding Elder incompetent at that time and finding that it was unable to determine Elder's competency retrospectively to the time of her plea:

> This court's attempt to retrospectively determine Ms. Elder's competency at the time she entered her plea proved to be quite difficult. . . . [T]he court sought to procure the lay witness testimony of Kenneth Richardson, Esq., Ms. Elder's private trial counsel at the time she entered her plea. But Mr. Richardson had since relocated to Puerto Rico and the State informed the Court it would need more time before it could bring Mr. Richardson back for a hearing. The court thus requested a ninety-day extension of jurisdiction to comply with the Mandate, which [was] granted.
>
> . . . .

- 3 -

On January 20, 2016, the court held a competency hearing. The parties stipulated to the admission of the reports prepared by Dr. Alberts, Dr. Blitch, Dr. Otto, and Dr. Taylor into evidence. <u>The reports collectively make it abundantly clear that it is not possible to determine Ms. Elder's competency to proceed retrospectively</u>. . . . In light of the expert reports, the court concluded as follows: (1) Ms. Elder is currently incompetent to proceed, and (2) <u>it is not possible to ascertain whether she was competent at the time she entered her guilty plea.</u>

(Emphasis added.)

In our opinion reversing Elder's judgment and sentence, this court stated that "[b]ased on the doctors' evaluations, the trial court found that Elder is presently incompetent and that it is not possible to determine her competency retroactively." <u>Elder</u>, 198 So. 2d at 827. We then concluded that "[b]ecause Elder was not adjudicated to be competent at the time she entered her plea, <u>her plea was invalid</u>," and we reversed and remanded "for further proceedings or such other action as may be appropriate." <u>Id.</u> at 827-28 (emphasis added). The original <u>Elder</u> opinion therefore necessitated the vacatur of the judgment because Elder's plea was held to be invalid; Elder had not been adjudged competent at the time of the plea and a nunc pro tunc determination of competency could not be made. Our "remand for further proceedings or such other action as may [have] be[en] appropriate" was necessary in light of Elder's incompetency to proceed at that time. The opinion issued March 9, 2016. <u>Id.</u> at 827.

Following remand from this court, hearings were held on March 23, 2016, and April 22, 2016. The transcript of the March 23 hearing indicates that the prosecutor believed that the retrospective competency issue was still under consideration by the trial court and that the trial court could send an order to this court for "directions as to how to proceed with [Elder] now because she's incompetent [again]." The prosecutor

- 4 -

suggested that the trial court ask this court to "correct" the opinion. The trial court, however, decided to set a hearing "to get into this in more details [sic] because this is a mess." Defense counsel inquired as to what the hearing would address because the retrospective competency issue had already been determined by this court in the opinion reversing Elder's judgment and sentence.

At the April 22 hearing, the prosecutor argued that the testimony of Mr. Richardson, Elder's former counsel, could impact the trial court's determination of retrospective competency. Because Mr. Richardson was present at the hearing, the court entertained his testimony. Mr. Richardson testified, over many objections by defense counsel, that Elder appeared competent to him during his representation of her in 2013. He agreed that he had not presented an order of competency to the court and that he did not check the record to determine whether an order adjudicating Elder competent had been rendered. Mr. Richardson stated that he had worked in Puerto Rico from August 2013 through September 2015. His testimony established that he was present in Florida for at least four months prior to the trial court's order advising this court that a retrospective competency determination could not be made.

Following Mr. Richardson's testimony, the court and the attorneys discussed what could be done, given this court's opinion. Defense counsel asserted that our ruling was the law of the case, while the prosecutor suggested that the trial court send this court a request for reconsideration in light of Mr. Richardson's testimony.[1] Defense counsel pointed out that there had been multiple hearings

---

[1]We note that such a request would have been stricken as unauthorized. See Hampton v. State, 988 So. 2d 103, 105 (Fla. 2d DCA 2008) (discussing a

between Mr. Richardson's return to Florida and the court's order in January 2016 at which Mr. Richardson could have testified had the attorneys handling the case called upon him to do so.

Ultimately, because the prosecutor, defense counsel, and the court believed Elder to be then incompetent, the trial court ordered Elder to the State hospital. The court also set a status hearing to address the retrospective competency issue. After the status hearing, on June 24, 2016, the court entered the "Order Retrospectively Finding Defendant Competent; and Order Reinstating Judgment and Sentence." The June order states that the matter was before the court to address Elder's competency at the time she entered a guilty plea "pursuant to an order from the Second District." It also states that this court "relinquished jurisdiction to [the trial court] to address [Elder's] competency at the time she entered her plea." The order goes on to provide that "new evidence regarding [Elder's] competency has recently come to light, which neither [the trial court] nor the Second District had the benefit of considering when issuing its previous rulings." The court found that because "retrospective competency can be established through lay witness testimony, and Mr. Richardson provided such testimony at the April 22, 2016, evidentiary hearing . . . the court is now convinced that [Elder] was in fact competent when she entered her plea on June 11, 2013." The court acknowledged that the experts were unable to make a retrospective competency determination.

competency issue and stating "we must note our disapproval of the trial judge's 'Response to Mandate,' which we strike as unauthorized").

The order concludes with the finding that "[j]ustice would not be served if [Elder] were to benefit from the fact that her lawyer indicated to the presiding judge that he was going to submit a proposed order finding her competent, but failed to do so."[2] The court then purported to reinstate the judgment and sentence based upon the June 2013 plea agreement. At the time of "reinstatement," Elder remained incompetent.

Elder moved for reconsideration of the order finding her retrospectively competent. The motion alleged that Mr. Richardson's testimony was insufficient evidence upon which to base a competency determination and that his testimony violated attorney-client privilege. A hearing was held on January 6, 2017, at which the court denied the motion for reconsideration without elaboration. At that hearing, the court also considered competency testimony from experts and found that Elder was then competent.

II.    Analysis

Elder asserts that the trial court failed to follow the mandate of this court in the original Elder opinion. We agree.

Where this court has issued a directive, "the circuit judge [is] legally obliged to follow it; indeed he [is] powerless to do otherwise." Hampton v. State, 988 So. 2d 103, 105 (Fla. 2d DCA 2008) (quoting McGlade v. State, 941 So. 2d 1185, 1189 (Fla. 2d DCA 2006)). That is because the trial court's role in carrying out an appellate

_____

[2]In the factual statements within the order, the court incorrectly asserts that the prior judge "orally announced that she found [Elder] to be competent." The prior judge made no oral pronouncement or any determination as to competency. She only asked for an order with that finding for her signature, which is insufficient. See Moulton v. State, 230 So. 3d 934, 937 (Fla. 2d DCA 2017) ("[T]he court may not rely solely on the parties' stipulation to competency, and the record must be clear that the court has made an independent determination of the defendant's competency.").

court's mandate is purely ministerial.  See Rodriguez v. State, 924 So. 2d 985, 986 (Fla. 2d DCA 2006) (citing Straley v. Frank, 650 So. 2d 628, 628 (Fla. 2d DCA 1994)).

This court reversed the judgment and sentence because in the absence of an adjudication of competency at the time of Elder's plea and given the trial court's inability to make a retrospective competency determination during the pendency of Elder's appeal, Elder's 2013 plea was invalid.  Elder, 198 So. 3d at 827-28.  Yet, the basis of the "reinstated" judgment and sentence is that same plea.

Nothing in the Elder opinion authorized the trial court to revisit the retrospective competency issue.  Cf. Parcilla v. State, 257 So. 3d 156, 157 (Fla. 5th DCA 2018) ("We reverse and remand for the trial court to determine whether it can conduct a nunc pro tunc hearing regarding Parcilla's competency at the time of trial.  If it is possible to do so, and the court determines that Parcilla was competent, then it shall enter a nunc pro tunc written order adjudicating him competent.  If the court determines that Parcilla was incompetent, or if the court is unable to conduct a hearing, it shall vacate Parcilla's judgment and sentence." (citing Rumph v. State, 217 So. 3d 1092, 1094-96 (Fla. 5th DCA 2017))).  This court's mandate did not allow for reconsideration of whether the plea was appropriately accepted; we had already determined that the plea was invalid.  Cf. Hilliard v. State, 169 So. 3d 264, 266 (Fla. 2d DCA 2015) ("We thus remand this case to the trial court for an evidentiary hearing to determine whether Mr. Hilliard's absence from his trial and sentencing hearing was voluntary or involuntary. Procedurally, we reverse the judgments and sentences to facilitate this hearing and its possible appellate review.  If the trial court determines that Mr. Hilliard's absence from trial was voluntary, it should enter an appropriate order denying the motion and it should

- 8 -

reinstate the judgments and sentences. This court, upon timely notice of appeal from the reinstated judgments and sentences, will review that order.").

The further proceedings and actions contemplated by the original Elder opinion necessarily concerned Elder's competency moving forward because the effect of the opinion was to determine that Elder remained incompetent; no order finding her competent had yet been rendered. Thus, on remand, the trial court could only take action related to determining whether Elder was then-currently competent because a trial court cannot proceed against an incompetent defendant. See Fla. R. Crim. P. 3.210(a) ("A person accused of an offense . . . who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.").

Our ruling invalidating Elder's plea "had the effect of no plea ever having been entered." See Miles v. State, 620 So. 2d 1075, 1076 (Fla. 2d DCA 1993); see also State v. McClain, 509 So. 2d 1360, 1361 (Fla. 2d DCA 1987) ("When the court set aside McClain's original plea, it was as if a plea had never been entered ab initio, and the state had the option of prosecuting the defendant on the original charges." (citation omitted) (citing Snell v. State, 388 So. 2d 1353, 1354 (Fla. 5th DCA 1980))). There was nothing for the court to reinstate.[3] This court's conclusion that Elder's plea was invalid is the law of the case as to her competency at the time of the June 2013 plea. See

_____

[3]We note that at the time the court held the competency hearing on remand, Elder remained incompetent. Likewise, at the time the court purported to reinstate the judgment and sentence Elder was incompetent. The court was without authority to proceed against Elder at either of these times. See McCroan v. State, 148 So. 3d 548, 549 (Fla. 1st DCA 2014) (granting motion to enforce mandate and "mak[ing] it explicitly clear that the court is without authority to proceed against McCroan until the court finds that his competency has been restored").

- 9 -

McGlade, 941 So. 2d at 1189. The trial court failed to adhere to this court's mandate and exceeded its authority in revisiting the retrospective competency determination and in reinstating the judgment and sentence.

Finally, although Elder primarily focuses on the trial court's failure to follow this court's mandate, she also argues that even if the new hearing on remand had been permitted pursuant to this court's prior opinion, the evidence presented was insufficient to support the court's finding of competency. We agree.

"Generally, a proper hearing to determine whether competency has been restored after a period of incompetence requires 'the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence.' " Dougherty, 149 So. 3d at 677 (quoting Jones v. State, 125 So. 3d 982, 983-84 (Fla. 4th DCA 2013)). Dougherty instructs that "a nunc pro tunc competency evaluation c[an] be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Id. at 679 (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). In this case, four experts concluded that they could not reach opinions as to Elder's retrospective competency and had varying degrees of certainty as to her then-current incompetency. Their respective evaluations were completed two years after the plea and were based on reports of competency entered a year prior to the plea. The only other witness to provide pertinent evidence was Mr. Richardson. His testimony occurred almost three years after the plea. It is true that "[e]ven in a situation where all the experts opine that a defendant is competent, the trial court could presumably

disagree based on other evidence such as the defendant's courtroom behavior or attorney representations." Id. at 678. However, the experts' opinions are advisory, and we have found no case where the court independently determined competency in the face of the experts' opinions otherwise. Cf. Washington v. State, 162 So. 3d 284, 289 (Fla. 4th DCA 2015) ("The trial court should not find a defendant competent where the record provides no reason to reject overwhelming and uncontested expert testimonies to the contrary." (quoting Duncan v. State, 115 So. 3d 1121, 1121 (Fla. 1st DCA 2013))). In this instance, the trial judge determining retrospective competency had no personal experience with Elder at the time of the plea as he was not the presiding judge at that time. Thus, the trial judge's determination of retrospective competency was based entirely on his current perception of Elder and on counsel's testimony. This is exactly the situation that Dougherty warned against: due process concerns resulting from the examination of a cold record and speculation. See 149 So. 3d at 676 ("[I]t is necessary for courts to observe the specific hearing requirements set forth in the rules in order to safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal."); cf. Mason, 489 So. 2d at 737 ("The experts here will not have to rely upon a cold record or recent examination of the appellant, and the chances are therefore decreased that such a nunc pro tunc evaluation will be unduly speculative." (citing United States v. Makris, 398 F. Supp. 507, 511-12 (S.D. Tex. 1975))). The due process concern is compounded when the possibility of counsel's ineffective assistance is considered, as pointed out by Elder.

III.    Conclusion

This court "is vested with all the power and authority necessary for carrying into complete execution all of its judgments, decrees, orders, and determinations in the matters before it agreeable to the usage and principles of law." § 35.08, Fla. Stat. (2018). Accordingly, the motion to enforce mandate is granted. Elder's judgment and sentence is reversed and shall be vacated on remand. Upon a determination of competency and the entry of an order adjudicating Elder competent, the action against Elder may proceed; however, it may proceed only as if the June 2013 plea had never been entered into, ab initio. See McClain, 509 So. 2d at 1361.

NORTHCUTT and BADALAMENTI, JJ., Concur.