DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIGITTE GURSKY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-532

[November 24, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cheryl Caracuzzo,[1] Judge; L.T. Case No. 17-006135-CF-10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Brigitte Gursky ("Defendant") appeals her convictions and sentences for one count of grand theft of currency worth $100,000 or more; one count of criminal use of personal identification information; two counts of uttering a forged copy of an order of summary administration with intent to defraud; and two counts of falsifying records. Defendant raises several issues on appeal, only one of which has merit. She argues the trial court erred in finding her competent to proceed notwithstanding the uncontested expert testimony to the contrary. We agree and reverse.

Prior to trial, defense counsel had concerns regarding Defendant's competency and had her evaluated by Dr. Charles Winick. After Dr. Winick found Defendant incompetent to proceed, defense counsel moved for appointment of an expert with request for competency

---

[1] Although Judge Caracuzzo serves in the Fifteenth Judicial Circuit for Palm Beach County, the instant case was transferred from the Seventeenth Judicial Circuit for Broward County due to an alleged conflict.

evaluation. Shortly thereafter, the trial court entered an order appointing Dr. Danielle Ardity to evaluate Defendant.

Following her evaluation of Defendant, Dr. Ardity filed a report wherein she concluded Defendant was "suffering from a major mental illness that affects her abilities to rationally appreciate and participate in the legal process . . . [and] is incompetent to proceed." In relevant part, the report also noted that Defendant self-reported suffering from PTSD and hearing voices.

The matter ultimately proceeded to a competency hearing where the court heard testimony from both experts. Consistent with her report, Dr. Ardity testified Defendant was not competent to proceed. Dr. Ardity explained that although Defendant met several of the criteria for competency, including the capacity to appreciate the charges against her and the possible penalties, the capacity to understand the adverse nature of the legal process, and the ability to manifest appropriate courtroom behavior, Defendant did not have the capacity to disclose pertinent facts to her attorney or the capacity to testify relevantly. Dr. Ardity primarily based her conclusion on the fact that Defendant often rambled, went off on tangents, got emotional, and had to be redirected:

> Basically, the biggest issues with her was the way her thought process – her thinking, which is often related to what I diagnosed her which was a bipolar disorder, very tangential, circumstantial. Her thought processes were all over the place and rambling and pressured speech. It was very difficult to communicate with her to get coherent answers. So based on that . . . I thought she would have difficulty testifying with her attorney as well as testifying in her court proceedings.

On cross-examination, Dr. Ardity acknowledged that despite the rambling speech, Defendant could *sometimes* be redirected and could *sometimes* provide appropriate responses. Nonetheless, Dr. Ardity remained steadfast that Defendant lacked the capacity to effectively communicate with her attorney or to testify relevantly. Dr. Ardity explained, "I don't think she has a problem giving some facts to her attorney. It's the communication and able to get those and . . . get everything that he needs and what is needed." She further explained that just because Defendant is able to give her attorney some details "does not mean, in general, that she could effectively communicate with her attorney. . . . I mean, any mental health disorder is fluid. So, there can be times when you can maybe talk a little better and times you can't talk better, times you're more delusional, times you're not as delusional."

Moreover, Defendant "had some delusions that appeared to be some delusional thinking which also can affect her ability to work with her attorney on what's real and what's not real and her thinking with that."

The court next heard testimony from Dr. Winick, the expert who first evaluated Defendant. Dr. Winick agreed that Defendant met several of the criteria for competency, including the capacity to appreciate the charges against her and the possible penalties, the capacity to understand the adverse nature of the legal process, and the ability to manifest appropriate courtroom behavior. However, Dr. Winick opined that Defendant was not competent to proceed because she did not have the capacity to disclose pertinent facts to her attorney or the capacity to testify relevantly. Much like Dr. Ardity, Dr. Winick based his conclusion on the fact that Defendant often rambled, went off on tangents, got emotional, and had to be constantly redirected:

> Throughout the evaluation, including at the start of the evaluation where before I even had an opportunity to explain to her the nature and the scope and context of the evaluation, she started to share information in a haphazard manor [sic], became upset, crying. So, I had to kind of prompt her, be supportive, to even get to the point of explaining what the evaluation was for. And that occurred throughout the evaluation. She cycled into extreme emotional reactions. And then with prompting and redirection, eventually back to being able to answer questions.
>
> . . . .
>
> Very often her responses were not connected to each other. They were tangential and circumstantial. She jumped from one topic to the next. So, it was very difficult to glean the information that I needed in order to conduct a competency evaluation . . . and get what I needed to form opinions.
>
> So it required – it was a constant process of me asking follow-up questions – saying to her, "I appreciate you sharing that with me but I don't need to hear about that. We really need to focus on this." And we eventually got through the evaluation.

Dr. Winick also expressed concern regarding Defendant's claims that she heard voices and would "get messages sometimes" from those voices. Based on these symptoms, Dr. Winick opined Defendant likely suffered

from bipolar disorder, although he did not conduct any tests to confirm this diagnosis.

On cross-examination, Dr. Winick agreed that despite the constant redirection and repeated questioning, he was able to get adequate responses and relevant information from Defendant to conduct his evaluation. However, it took "a tremendous amount of effort" to get that information.

Following the hearing, the trial court entered a one-page written order finding Defendant competent to proceed. The only reasoning provided in the order was the following:

> Both experts agreed the only area of concern was the Defendant's capacity to testify relevantly. In support of the conclusions, the experts testified that she had to be redirected and would often go off on tangents while discussing matters with them. However, it should be noted that she eventually did provide and assist the examination with appropriate responses. The fact that it may have taken a longer time because she needed to be redirected does not mean she is incompetent.

We review a trial court's decision regarding competency for an abuse of discretion. *Ayers v. State*, 294 So. 3d 364, 366 (Fla. 4th DCA 2020) (citing *Peede v. State*, 955 So. 2d 480, 489 (Fla. 2007)). "[W]hen analyzing a competency determination on appeal, this Court applies the competent, substantial evidence standard of review to the trial court's findings." *Gore v. State*, 24 So. 3d 1, 10 (Fla. 2009). "Competent substantial evidence has been defined as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred; that is, such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Washington v. State*, 162 So. 3d 284, 288–89 (Fla. 4th DCA 2015) (citation and internal quotation marks omitted).

"In determining whether a defendant is competent to stand trial, the trial court must decide whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.'" *Hardy v. State*, 716 So. 2d 761, 763–64 (Fla. 1998) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see also* Fla. R. Crim. P. 3.211(a)(1). Factors to be considered when evaluating a defendant's competency include, among others,

4

the defendant's capacity to disclose pertinent facts to counsel and to testify relevantly. Fla. R. Crim. P. 3.211(a)(2)(A).

"Although not absolutely bound by expert opinion as to competence, courts should not ignore uncontested expert testimony." *Poynter v. State*, 443 So. 2d 219, 220 (Fla. 4th DCA 1983). In a situation where all experts opine that a defendant is incompetent, "[t]he trial court should not find a defendant competent where the record provides no reason to reject overwhelming and uncontested expert testimonies to the contrary." *Washington*, 162 So. 3d at 289 (quoting *Duncan v. State*, 115 So. 3d 1121, 1121 (Fla. 1st DCA 2013)); *see also Elder v. State*, 268 So. 3d 995, 1001 (Fla. 2d DCA 2019) (recognizing that although expert opinions are advisory, "we have found no case where the court independently determined competency in the face of the experts' opinions otherwise").

Here, both experts opined Defendant was incompetent based on two factors: her inability to disclose pertinent facts to counsel and to testify relevantly. In its order finding Defendant competent, however, the trial court incorrectly stated "[b]oth experts agreed the only area of concern was the Defendant's capacity to testify relevantly." Based on this incorrect statement, the trial court did not address Defendant's ability to disclose pertinent facts to counsel, let alone make a finding rejecting both experts' uncontested testimony that Defendant lacked such capacity. Reversal is required for this reason alone.

Turning to the ability to testify relevantly factor, the trial court rejected the experts' uncontested testimony that Defendant lacked the capacity to testify relevantly on the basis that Defendant "eventually did provide and assist the examination with appropriate responses." This reasoning was insufficient to reject the experts' uncontested testimony to the contrary. Although both experts testified that Defendant provided them with relevant information, they also testified that it took a tremendous amount of effort and constant redirection to get that information. Moreover, Dr. Ardity also testified that despite repeated attempts to redirect Defendant, "[o]ften you could not redirect her."

The expert testimony in this case demonstrates that it was incredibly difficult, even for trained mental health professionals, to elicit relevant information and coherent responses from Defendant while in a neutral setting. Importantly, the expert testimony also established that Defendant often could not be redirected. Simply put, "the record provides no reason to reject overwhelming and uncontested expert testimonies" that Defendant lacked the capacity to testify relevantly. *Duncan*, 115 So. 3d at 1121; *see also Washington*, 162 So. 3d at 290 (trial court erred in finding

defendant competent in a case where "there was no expert testimony that [defendant] was competent," and "[n]othing in the record demonstrates that [defendant] had an 'ability to consult with his lawyer with a reasonable degree of rational understanding' or that he possessed a 'rational as well as factual understanding of the proceedings against him'" (quoting *Peede*, 955 So. 2d at 488)).

Accordingly, we reverse Defendant's convictions and remand for a new trial contingent upon a determination that Defendant is competent to stand trial. *See Washington*, 162 So. 3d at 290.

*Reversed and remanded.*

CONNER, C.J., and MAY, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***