# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-3533
LT Case No. 2022-CF-986

_____

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Petitioner,

    v.

DEBORAH KIRSHNER and STATE
OF FLORIDA,

    Respondents.

_____

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County.
Donna Goerner, Judge.

Logan Bartholomew, Assistant Regional Counsel for Department
of Children and Families, Orlando, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Douglas T.
Squire, Assistant Attorney General, Daytona Beach, for
Respondent, State of Florida.

No Appearance for Other Respondent.

February 2, 2024


LAMBERT, J.

The Department of Children and Families ("DCF") petitions this court for the issuance of a writ of certiorari. It requests that the trial court's order involuntarily committing Deborah Kirshner to its care be quashed because there was no competent substantial evidence that Kirshner met the criteria under section 916.13, Florida Statutes (2023), for commitment. We grant the petition.

In May 2022, Kirshner was charged by the State of Florida with committing the crime of aggravated battery upon a person sixty-five years of age or older, a first-degree felony.[1] Based upon concerns that Kirshner may not have been competent to proceed to trial, the lower court appointed an expert to evaluate Kirshner's competency. The evaluation took place on July 18, 2022; and the expert issued her report on July 29, 2022, opining that Kirshner was not competent to proceed but that she did not meet the criteria for involuntary commitment.

On December 14, 2022, the trial court entered an order adjudging Kirshner incompetent to proceed. The court did not involuntarily commit Kirshner to DCF for treatment; and, in fact, it specifically acknowledged that Kirshner did not currently meet the criteria for involuntary commitment. The trial court placed Kirshner on conditional release and, among other things, ordered Kirshner to "not be arrested for any new crimes while on conditional release."

Kirshner failed to comply with this aspect of the order; she was arrested on five different occasions while on conditional release. In October 2023, the trial court held what it referred to as a competency status hearing. The court found it unnecessary to order any further competency evaluations; and, on November 15, 2023, it rendered the subject order involuntarily committing Kirshner to DCF for care and treatment. The order found that Kirshner remained incompetent to proceed due to mental illness but that she now met the criteria for involuntary placement under section 916.13(1).[2] It is from this order that DCF seeks certiorari

---

[1] *See* § 784.08(2)(a), Fla. Stat.

[2] Section 916.13(1) provides:

(1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:

(a) The defendant has a mental illness and because of the mental illness:

1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being; or

2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;

(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities, community inpatient or outpatient settings, and any other mental health services, treatment services, rehabilitative services, support services, and case management services as described in s. 394.67, which would offer an opportunity for improvement of the defendant's condition have been judged to be inappropriate; and

(c) There is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.

Before issuing a commitment order, the court shall review the examining expert's report to ensure

3

relief.

"As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." *Dep't of Child. & Fams. v. Despaigne*, 348 So. 3d 1221, 1222 (Fla. 5th DCA 2022) (quoting *Dep't of Child. & Fams. v. Lotton*, 172 So. 3d 983, 985 (Fla. 5th DCA 2015)). To obtain certiorari relief, DCF's burden here is to show that the trial court's November 15, 2023 nonfinal order is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on postjudgment appeal." *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting *Reeves v. Fleetwood Homes of Fla.*, Inc., 889 So. 2d 812, 822 (Fla. 2004)). The latter two prongs are frequently referred to as "irreparable harm," and they are jurisdictional. *Fla. Dep't of Agric. & Consumer Servs. v. Mahon*, 293 So. 3d 1091, 1095 (Fla. 5th DCA 2020) (citing *Deutsche Bank Nat'l Tr. Co. v. Prevratil*, 120 So. 3d 573, 575 (Fla. 2d DCA 2013)).

We have previously ruled that DCF establishes the requisite irreparable harm or injury under these second and third prongs when it has been ordered to accept a defendant for involuntary commitment who does not meet the criteria. *See Dep't of Child. & Fams. v. Campbell*, 295 So. 3d 868, 870 (Fla. 5th DCA 2020) ("We also conclude that DCF established the second and third prongs for certiorari relief—the second because DCF suffers material injury as it is responsible for expending its appropriated funds in accordance with the laws governing the agency and the third because DCF has no direct right of appeal."). Accordingly, as DCF has raised the same argument here that it did in *Campbell*, we find that it has demonstrated the requisite irreparable harm for this court to exercise jurisdiction.

Turning to the first prong of our certiorari analysis, under section 916.13(1) there must be clear and convincing evidence that the criteria under this statute are met before a felony defendant adjudicated incompetent to proceed due to mental illness may be

alternative treatment options have been fully considered and found insufficient to meet the needs of the defendant.

4

involuntarily committed to DCF for treatment. The only expert report regarding Kirshner's competency and qualifications, or lack thereof, for involuntary commitment is dated approximately sixteen months before the entry of the subject order. Simply stated, a stale evaluation such as the one here does not constitute competent substantial evidence of a defendant's present level of competency. *See Washington v. State*, 162 So. 3d 284, 289–90 (Fla. 4th DCA 2015) (holding that the evaluations of the defendant's competency that were six months to a year old were stale).

Under these circumstances, with no competent substantial evidence before the trial court of Kirshner's current level of competency or whether she presently met the criteria for involuntary commitment, we hold that the trial court departed from the essential requirements of law by ordering that Kirshner be involuntarily committed to DCF. *See Dep't of Child. & Fams. v. J.G.*, 373 So. 3d 957, 960 (Fla. 5th DCA 2023) ("On this record, therefore, the circuit court lacked any competent evidence that could justify its commitment of the [minor charged with felony-level delinquent acts]. Its commitment thus departed from the essential requirements of the law, and a writ of certiorari is warranted."); *Despaigne*, 348 So. 3d at 1223 ("Therefore, Despaigne did not meet the criteria for involuntary commitment, and the trial court departed from the essential requirements of law by doing so.").[3]

---

[3] DCF also correctly points out that under the conditional release statute, codified at section 916.17, Florida Statutes, certain prerequisites must be met before a defendant who has failed to comply with the terms of conditional release may be involuntarily committed to its care. Pertinent here, a trial court, after the appointment and report of experts, may return the defendant to DCF if it finds that the person meets the statutory criteria for involuntary commitment. § 916.17(2), Fla. Stat. This required process was not followed, as Kirshner was involuntarily committed following her violation of conditional release without the court having the benefit of an expert's report opining that she qualified for commitment. *See Lotton*, 172 So. 3d at 987–88 ("Without reports or testimony from experts who examined and evaluated the defendant, no trial court can be in a position to make appropriate findings [necessary for involuntary commitment], supported by

5

PETITION GRANTED; ORDER QUASHED; REMANDED for further proceedings.

EDWARDS, C.J., and EISNAUGLE, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

clear and convincing evidence."). We agree with DCF that the trial court's order cannot be affirmed under a "tipsy coachman" analysis as the violation of the procedural requirements of section 916.17 here constituted a departure from the essential requirements of law because it results in DCF having to expend funds to care for and treat an individual who may not qualify for commitment.